## C. C. BURKE v. M. L. PURIFOY.

Decided April 22, 1899.

1. **Parties—Married Woman.**

The wife is not a necessary party to an action against her husband upon a building contract not made for the benefit of her separate estate, and where the money furnished thereunder was not her separate property.

2. **Building Contract Construed—Loss by Fire—Completion.**

A building contractor is not entitled to the amount which by the terms of the contract was to be reserved until the completion and delivery of the house, where the house was accidentally destroyed by fire before the completion, and at the time of its destruction the owner had paid more than the contract called for; and the fact that a new and substituted agreement was then entered into between the parties, whereby the proceeds of a policy of insurance on the building were to constitute a fund for its completion, does not affect the rights of the parties in respect to the reservation under the original contract.

APPEAL from Bowie. Tried below before Hon. J. M. TALBOT.

*Todd & Glass,* for appellant.

*Vaughn & Vaughn,* for appellee.

FINLEY, CHIEF JUSTICE.—C. C. Burke entered into a contract with M. L. Purifoy to furnish the material and build him a house. The contract is in substance as follows:

"TEXARKANA, TEXAS, Oct. 17, 1896.

"I, C. C. Burke, party of the first part, and M. L. Purifoy, party of the second part, do this day enter into the following contract, viz:

"I, M. L. Purifoy, party of the second part, do contract and agree to build for Dr. C. C. Burke a two-story frame building (house) on lot 7 in block 5 in the city of Texarkana, Texas, according to plans and specifications hereto attached and agreed upon, for the sum of $1550 in money and all the pine timber on fractional section No. 10, two miles northwest from Texarkana, measuring from eight inches up at the stump; the said Purifoy to furnish all material necessary for the erection of said house according to plans and specifications; and said Purifoy further agrees to do all the work in the construction of said building in a good, workmanlike manner, and to turn over to the said Burke said house completed in every part according to the plans and specifications, by the 17th day of December proximo.

"The said C. C. Burke agrees to pay to said M. L. Purifoy on a pay-roll every Saturday (the pay-roll to be signed by each and every workman opposite his name) for labor and material furnished, the said Burke reserving the right to hold back one-fourth of the contract price of said building until the building is completed, to indemnify him against failure on the part of said Purifoy to complete said building according to time, specifications, and plans, and when said building is complete in its

several parts according to the plans and specifications, to pay to said M. L. Purifoy the balance remaining of the contract price.

(Signed)	"C. C. BURKE,
"M. L. PURIFOY."

Under this contract the house was built nearly to completion, when it was destroyed by fire. The house was insured, and subsequent to its destruction by fire the following agreement was made:

"*State of Texas, County of Bowie.*—This agreement made between Mrs. E. E. Burke, joined by her husband C. C. Burke, parties of the first part, and M. L. Purifoy, party of the second part, witnesseth: That whereas on the 12th day of December, 1896, the party of the second part was engaged in the construction and erection of a dwelling house in the city of Texarkana, Texas, on lots Nos. 7 and 8, in block No. 5 in said city, for said parties of the first part, under written contract and specifications; and whereas on said 12th day of December, 1896, the said house before completion was totally destroyed by fire; and whereas two policies of insurance for $1000 each, aggregating $2000, existed upon said house and are valid and subsisting.

"Now, therefore, in order to adjust the respective rights of the parties of the first and second parts, it is hereby agreed:

"1. That said insurance shall be collected by the parties, and when collected shall be deposited in the Texarkana National Bank in the names of Mrs. E. E. Burke and M. L. Purifoy jointly as a special trust fund for the rebuilding of said house and payment of lien liabilities, and for no other purpose.

"2. That the party of the second part, immediately on collection of said money, shall forthwith proceed to replace and rebuild said house as it stood at the time of its destruction, and carry the same on to completion according to the terms of the original contract and specifications, changed or modified to meet the changed conditions as may be agreed on by the parties.

"3. No part of said money, after its deposit in the bank, shall be drawn out except upon check or draft signed both by Mrs. E. E. Burke and M. L. Purifoy, and only for the erection and completion of said building according to the terms of the contract, and payment of lien liabilities as aforesaid.

"4. Upon the satisfactory completion and delivery of the said house by the party of the second part, and the payment of all claims or liabilities for labor, material, etc., in full, the said M. L. Purifoy, party of the second part, shall be entitled to any balance of said money remaining, which shall be paid over to him; provided the said Purifoy shall have no interest in said money until said building is completed, and delivered and accepted as aforesaid.

"Witness our hands this 24th day of December, A. D. 1896.

(Signed)	"C. C. BURKE,
"MRS. E. E. BURKE,
"M. L. PURIFOY."

The plaintiff sued for $1062.94, claiming 514.59 to be due and owing under the first contract, and $548.35 under the second contract.

The trial judge filed these findings of fact and law:

"1.   I find that those matters reported on by the auditor as being undisputed are undisputed and have been proven in this cause, and refer to the auditor's report filed in this cause for a statement of those matters and facts.

"2.   I find that at the time alleged in plaintiff's petition, plaintiff and defendant entered into a contract as alleged in said petition for the building by plaintiff of a house for defendant, for which defendant agreed to pay plaintiff $1550 and all the pine timber above certain dimensions on a certain tract of land as alleged in plaintiff's petition, and that the timber on said land was of the value of $150 at the time of making said contract.

"3.   I find that in pursuance of said contract said plaintiff was building said house for defendant, and had the same in course of construction and almost completed when the same was destroyed by fire on December 12, 1896, without fault of either plaintiff or defendant; that at the time said house was destroyed by fire the value of the material and labor furnished by plaintiff to defendant in construction of said house was $1650, and that it would have been worth and would have cost to complete said house in accordance with the contract between plaintiff and defendant only the sum of $50.

"4.   I find that plaintiff at the time said house was burned had received from defendant in part payment for the construction of said house the sum of $1264.41 in money, and only that amount, which lacked $10.59 of being three-fourths of the contract price of building said house, and had used $100 worth of the timber mentioned in the contract of building, and therefore that defendant is entitled to credits to the amount of $1364.41 on the amount of $1650 which plaintiff was entitled to under said first contract for building the house which was destroyed by fire.

"5.   I find that plaintiff is entitled to recover of defendant under the first contract for the building of the first house the sum of $285.59.

"6.   I find that the defendant C. C. Burke forbade and prohibited the plaintiff, M. L. Purifoy, from cutting the said timber off of said land mentioned in the plaintiff's petition after he had cut off over $100 worth of said timber, and in estimating the amount of credits to which said Burke is entitled under the first contract, I find that he is entitled to a credit of $100.

"7.   I find that on the 24th day of December, 1896, plaintiff and defendant and Mrs. E. E. Burke made the contract described and set forth in plaintiff's petition for the building of a house, and that Mrs. E. E. Burke is the wife of defendant, and that the contract price for the building of the said second house was $2000; and I find that in pursuance of said contract the plaintiff did build for the defendant said house and performed his part of the contract, and was entitled to receive from the defendant therefor the sum of $2000.

"8. I find that under said second contract the plaintiff received from the defendant undisputed payments amounting to $1690.80, shown by the auditor's report, and also further payments amounting to $204.05, aggregating the sum of $1894.85 of payments, and only that amount that plaintiff received, and that plaintiff is entitled to recover of defendant under said contract the sum of $105.15.

"9. I find that when the first contract for the building of the first house, which was burned, was made, there was a foundation or part of a foundation on the ground for the plaintiff to use in building said first house, which he was allowed to use under said first contract in building said house; and when the second contract was made there was no foundation whatever to be used, but on the contrary a lot of debris and rubbish to be cleared away, and that this occasioned the difference in the two contract prices in the building of said houses.

"10. I find from the terms of the contract and parol evidence adduced, that the contract made December 24, 1896, the second contract of building does not and did not supersede the first contract made between plaintiff and defendant, and that it was not the intention of the parties to said second contract to affect any rights that either possessed under the first contract, except to dispose of and agree upon their rights in relation to the sum of $2000 insurance, which was due plaintiff and defendant from certain insurance companies, which had issued policies of insurance to defendant payable to plaintiff as his interest might appear, insuring said first house against loss by fire while in course of construction, said policy being known as a builder's policy, and thereby secured the payment of all claims against plaintiff for labor and materials in the construction of said first house.

"11. I find that by the said second contract, made December 24, 1896, the plaintiff was to have all of the insurance money due plaintiff and defendant from the insurance companies, and was to build for the defendant therefor the second house, and this contract was an adjustment of their rights respectively to the insurance money.

"12. I find that plaintiff paid all claims for labor and material in the construction of said two houses, except as shown in the foregoing findings.

"The auditor's report and the two contracts referred to are made parts of these findings and hereto attached.

"Conclusions of Law.—1. From the foregoing findings of fact, I conclude as a mater of law that Mrs. E. E. Burke, wife of the defendant C. C. Burke, was not a necessary party to this suit.

"2. That the effect of the second contract for the building of the second house for the defendant was a new and subsequent contract for the construction of said house, and did not destroy and operate as a settlement of the rights and demands of plaintiff and defendant under the first contract.

"3. That plaintiff is entitled to recover of defendant on said first contract the sum of $285.59, and on the second contract the sum of

$105.15, aggregating the sum of $390.74, for which judgment is rendered in favor of plaintiff."

Upon these findings the appropriate judgment was rendered from which this appeal has been perfected.

*Opinion.*—1. The first contention made by appellant is that Mrs. Burke is a necessary party to this suit, and that the trial court erred in not so holding. There is no statement of facts contained in the record, and it does not appear in the pleadings nor the findings of fact that the contract was made for the benefit of Mrs. Burke's separate estate, or that the money furnished her was separate property. Under such conditions the wife is not a necessary party. Rev. Stats., arts. 1201, 1202, 2968, 2970; Covington v. Burleson, 28 Texas, 368; Walling v. Hanning, 73 Texas, 580.

2. Did the court err in allowing a recovery of $285.59 for work performed under the first contract? The findings of the court show that the entire contract price agreed upon was $1700. Of this sum $1550 was to be paid in money and $150 in timber. The contract provided that payments should be made weekly for material and labor, and that appellant should have the privilege of withholding one-fourth of the contract price until the work was completed and the house delivered. At the time of the fire the house was not completed, but lacked about $50 worth of work and material to complete it. At that time appellant had paid $1264.41, lacking only $10.59 of being three-fourths of the contract price. He had, however, also paid $100 in timber which appellee had used, and considering the timber payment, he had paid more than three-fourths of the contract price. He was not, therefore, in default at the time of the fire. The contract obligated the appellee to furnish all the material and work and to complete and deliver the house before he could demand the payment of the last quarter of the contract price. Had the contract provided that payment was not to be made until the completion of the work, and the house was destroyed by fire without the fault of either party, it is clear that the loss would fall upon the contractor. In Weis v. Devlin, 67 Texas, 510, Mr. Justice Stayton, speaking for the court, says: "It is well settled that if one undertakes to furnish the material and build a house or other structure for another, the same to be paid for when the work is completed, that the builder can not recover for the partial construction in case the structure be destroyed without fault of either party; and this rule applies when the structure is such as to make it, from day to day, as erected, a part of the land to which it is intended to be permanently attached as well as to a structure chattel in its nature. This rule has its foundation in the fact that it remains possible for the builder to complete the structure, though in an unfinished state it be partially or wholly destroyed, and he is therefore left under the full obligation of his contract.

In such a case, though the structure may have been so attached to the land as to become a part of it, and therefore the property of the owner of the land, the maxim "Res perit domino" has not been given effect."

The same principle above announced would seem to preclude the contractor from recovering any portion of the price which it was contracted should not be paid before completion of the building. Under the terms of the first contract, appellant having paid more than three-fourths of the contract price and the building being incomplete at the time of its destruction, appellee had no legal right to demand the payment of the full value of his work. Again, we think it clear that the second contract should be treated as a substitute for the first. Both parties were interested in the $2000 insurance upon the building, and the effect of the new contract was that the house as originally designed and contracted for should be built, and that this particular $2000 was to constitute the fund to which the contractor was to look for payment. He was to receive all of this $2000 for the completion of the building, save such part of it as should be necessary to pay off the debts which he contracted and still owed upon the original construction. There is nothing in the terms of the second contract which would authorize recovery for the value of work performed under the first contract. Having built and completed the house under the second contract and paid off indebtedness incurred under the first contract, he was entitled to recover the $105.15 of the insurance money which had not been paid to him. Overton v. Conner, 50 Texas, 113; Railway v. Harriet, 80 Texas, 73; 2 Pars. on Cont., 681; 2 Chitty, Cont., 11 Am. ed., 1124; Crow v. Lumber Co., 69 Fed. Rep., 61; Babcock v. Hawkins, 23 Vt., 561.

The judgment will be reformed so as to allow only a recovery for the $105.15 under the second contract, and as reformed will be affirmed; the cost of appeal to be taxed against appellee.

*Reformed and affirmed.*