This is an action of trespass to try title to 108 acres of land, instituted by appellee against appellants, coupled with a suit to cancel a certain deed to 50 acres of the *Page 665 
108 acres of land executed by appellee to appellants; it being alleged that the same was fraudulently procured by appellants The latter entered a disclaimer as to all the 108 acres of land except 50 acres which was conveyed to them by warranty deed executed by appellee on February 6, 1925. The cause was tried by jury, and, on the answers given by them to special issues submitted by the court, judgment was rendered in favor of appellee for the whole of the land, and the deed to appellants was canceled.
The jury found that no undue influence or fraud was used by appellants to cause appellee to execute the deed to the 50 acres of land, that appellants had failed to comply with the conditions set out in the deed, which required a payment by appellant to appellee of $100 in cash, and that appellants should build a residence on the land and construct a cistern and to care for appellee, the mother of Julia Bronder Kozelski, during her life, waiting upon and securing her competent medical attention. It was also found that appellee had not in any way prevented appellants from complying with the conditions in the deed, and that appellants had not acted in good faith in making improvements on the land.
The evidence discloses that appellee was legally seized and possessed of the 108 acres of land on the west bank of the San Antonio river, out of the Louis Manchaca grant; that on February 6, 1925, she conveyed 50 acres of the tract off the west end thereof to her daughter Julia Bronder Kozelski, the consideration being love and affection, $100 in cash, and "that said Julia Bronder Kozelski shall build a small residence and cistern on the land to be hereinafter conveyed, and shall take good care of me during my lifetime, waiting on me when sick and furnishing competent medical attention." Appellants paid the cash and tried to comply with the other conditions. The house they built and cistern they constructed were built after they were notified that the courts would be applied to cancel the deed, about January, 1926. The notice of intended cancellation caused appellants to build the house and cistern. A vendor's lien was reserved on the land "until the above-described conditions thereon are fully met according to their face and tenor, effect and reading, when this deed shall become absolute."
The charge of fraud in obtaining the deed from appellee is eliminated from this cause, not only by the finding of the jury, but by the evidence which fully sustains the jury. It follows that, if the cancellation of the deed and a forfeiture of the title thereby conveyed can be sustained, it must rest on the naked proposition that a forfeiture can be based upon conditions in a conveyance such as those recited in the deed from Frances Bronder to Julia Bronder Kozelski and her husband.
No foreclosure of the vendor's lien reserved in the deed was sought nor obtained. It was a plain suit to cancel the deed and forfeit the title to the land held by virtue of the deed and, the judgment merely granted a recovery of the land, awarded a writ of possession, and canceled the deed. It follows that there is no basis for a discussion as to whether a vendor's lien can be foreclosed on unfulfilled conditions, without being accompanied with an unpaid money consideration. No money judgment was sought; no lien sought to be foreclosed. There was, however, testimony tending to show a money consideration sufficient to have sustained a foreclosure of the vendor's lien if not paid, had such foreclosure been sought by appellee. The first and second propositions are overruled.
A plain statement of this case shows that appellee, without undue influence, persuasion, or fraud, executed a warranty deed to her daughter to 50 acres; the consideration being love and affection, $100 cash, the building of a small house and a cistern on the 50 acres conveyed to the daughter, and that the daughter and her husband should take care of and furnish nursing and medical attention. No time limit was given in which the house and cistern should be completed, and the deed did not indicate what was meant by "shall take good care of me during my lifetime." Appellants could not wait on appellee when sick or furnish "competent medical attention," because it was not shown that appellee had been sick or needed medical attention. The deed acknowledged receipt of the $100 cash, and the parol testimony showed it was paid, and it did not matter from whom it was borrowed, if it was borrowed. The deed was executed in February, 1925. Appellee would not accept food or help from appellants. "I did not want anything from them," she swore. In a few months after she executed the deed she "decided to take the land back." When asked if Kozelski offered to pay the girl for washing, she answered: "I didn't want him to because I wanted to take the land back and didn't want to have anything to do with him." They sent a girl to wait on appellee and sent provisions with her in February, 1925, but she refused to accept the food, and had the girl taken back to her home. That was the month in which the deed was executed, and from that time she refused to take anything from them "because he wanted to swindle me." The land had been rented before she conveyed it to appellants, and she continued to collect the rent for it. She swore: "The rent and crops, etc., was mine. I rented it to him (her son), and he gave me the proceeds." From this it appears that appellants were not placed in possession, and appellee even protested against appellants building the house and cistern on the land.
Fraud, mistake, or undue influence being eliminated by the verdict of the jury, the *Page 666 
testimony of appellee shows the only ground upon which a rescission or cancellation of the deed could be based would be that appellants did not perform the promises as to care in sickness and health. It is the general rule that the mere failure to perform a promise forming the whole or part of the consideration which induced the conveyance, will not form the basis for a suit to rescind or cancel a deed. A promise on the part of a grantee to do something in the future is usually construed as a covenant upon which a grantor may base a suit, and not a condition subsequent upon breach of which a right to defeat the conveyance may arise. Pom. Eq. Jur. § 2108; Dixon v. Milling, 102 Miss. 449, 59 So. 804, 43 L.R.A. (N. S.) 916; Chicago, T. M. C. Ry. Co. v. Titterington, 84 Tex. 218,19 S.W. 472, 31 Am.St.Rep. 39; Priest v. Murphy (Ark.) 144 S.W. 921; Shafer v. Shafer (Mo. Sup.) 190 S.W. 323; Becker v. Schwerdtle,141 Cal. 386, 74 P. 1029.
In the cited case of Priest v. Murphy, the Arkansas Supreme Court held, in the case of nonsupport of certain children for the support of whom the father had conveyed the land:
"The law is that, where the consideration of a deed is the grantee's undertaking to support the grantor and he fails to comply with such undertaking, the grantor's remedy is either to sue at law for the amount of the consideration as it would become due, or else to treat the contract as void and sue in equity to cancel and set it aside. * * * If their father had made the grant in consideration of his own support, he could, upon a proper showing, have had the deed canceled for a failure of such consideration."
The cited case of Shafer v. Shafer was one brought by a mother against her son to cancel a warranty deed made by her to him, alleging that the deed was made upon the promise of the son that he would maintain and support his mother and furnish her with a suitable home during her natural life, that he would keep the property in repair, reform his personal habits, and refrain from the use of intoxicating liquors, all of which he failed and refused to do. In addition to the considerations named, the son had given a mortgage or lien on the land to secure his mother in the sum of $1,200. It was not clear whether the amount named was a part of the purchase money or a prior debt. In that case, as in this, accident, fraud or mistake had been eliminated by the evidence. The court said:
"It remains to be determined whether the absence of consideration is such as to enable the plaintiff to recover. If the personal promises alleged to have been made by the defendant constitute, as plaintiff contends, the entire consideration for the making of the deed, we find that defendant has failed in the performance of one of these promises, but has complied, so far as plaintiff has rendered it possible, with the other two. These promises are not so mutually dependent that the failure to comply with one will destroy or render impossible of performance either of the others, and hence there remains sufficient consideration to sustain the contract. The general rule is that the equitable doctrine of rescission will not be applied unless there is an entire failure of consideration equivalent to an abandonment and the consequent release of the other party."
A rescission was denied by the Missouri court.
In the Mississippi case (Dixon v. Milling) herein cited, which was one of a deed being executed by the mother to a son in consideration of a promise on his part to care for and support her, the question was as to the right to cancel the deed for a failure to perform the promises of care and support, and the court quoted with approval from another Mississippi case (Day v. Davis, 64 Miss. 253, 8 So. 203) holding:
"A voluntary conveyance of land cannot be vacated, at the instance of the grantor thereof, upon the mere ground that it was made without any consideration."
In regard to decisions in cases of aged persons who had transferred their property for care and support, which hold that fraud will be implied from a failure to keep promises to care for and support, the court indicated that it would decline to follow them, but would follow the rule announced in section 2108, Pomeroy Equity Jurisprudence.
There was no evidence that there was an intention present in the minds of appellants at the time the deed was executed, not to perform the promises recited in the deed, and decisions on that phase of case would not be applicable to the facts. Chicago, T. M. C. Ry. Co. v. Titterington, herein cited; Hewett v. Dole, 69 Wn. 163, 124 P. 374.
The vendor's lien paragraph in the deed retains the lien "until the above-described conditions thereon are fully met, according to their face and tenor, effect and reading, when this deed shall become absolute." That language would seem to have the effect of prescribing conditions, and, if so, upon a failure to perform them, the right to a forfeiture would arise. While at the time this reference to a vendor's lien was placed in the deed there was no money or other property promised by appellants, the deed containing a receipt for the $100 cash, and there was nothing upon which to base foreclosure of the vendor's lien, still the recital of the lien shows that the title was conveyed on the performance of certain conditions which, if not performed, would entitle appellee to a forfeiture of the title. The evidence is totally insufficient to show that appellants had not complied with the conditions save and except in so far as they were prevented from complying by the acts of appellee. During the very month in which she executed the deed she threw every impediment in the way of a compliance with the conditions. She did not recognize any rights *Page 667 
that appellants had in the land; she remained in possession and collected the rents. She refused the food sent to her and dismissed the girl whom appellants procured to wait upon and serve her. She tried to prevent appellants from building the house and cistern. They did all they could do, and the conditions were not performed because appellee refused to accept the offers to perform them. She is not entitled to rescission on account of nonperformance of conditions, and the testimony failed to sustain the verdict and judgment.
The judgment is reversed, and judgment is here rendered that appellee take nothing by her suit and pay all costs of this and the lower court.