### BENSON v. BLOCKER.

### No. 4790.

Court of Civil Appeals of Texas. Amarillo.

Sept. 20, 1937.

Lockhart & Brown, of Lubbock, for appellant.

R. L. Graves, of Brownfield, for appellee.

STOKES, Justice.

Appellee, Blocker, on and before the 9th of November, 1935, was the owner of section No. 13, block T, located in Terry county. During the year 1934 he procured from the Amicable Life Insurance Company of Waco a loan in the sum of $3,700, giving as security a deed of trust on the land, and executed ten notes in the sum of $150 each, due annually, and one note in the sum of $2,200, due January 11, 1946. He was unable to pay the first note of $150, due January 11, 1935, and late in that year, being apprehensive that he would be unable to pay the second note at maturity, and having been threatened with foreclosure of the deed of trust in the event he failed to pay the first note before the second note became due, he sold the section of land to appellant, E. H. Benson, by deed executed by appellee and his wife, Clara, on November 9, 1935. The deed recites a total consideration of $7,040, evidenced by five vendor's lien notes of $668 each, due and payable one to five years after date, bearing 6 per cent. interest, payable annually, and $3,700, represented by the lien against the land held by the Amicable Life Insurance Company. The deed is of general warranty, regular on its face, and reserves a vendor's lien to secure the payment of the notes and interest.

Contemporaneously with the execution of the deed, the parties entered into a written contract which provided that appellant was to obtain a loan on the land from the Federal Land Bank of Houston or other loan agency for the sum of $7,040, and out of the loan he was to pay off the $3,700 lien held by the Life Insurance Company, the balance to be used in paying off appellee's notes. The contract further provided that, in the event enough money could not be procured by the new loan to take up the indebtedness against the place and retire the notes held by appellee, he

would surrender all notes over and above the amount so procured by the new loan after payment of the Life Insurance Company's indebtedness.

Soon after the execution of the deed and contract, appellant made application to the Federal Land Bank of Houston for a loan and was informed, in effect, that consideration could not be given to the application until appellee and his wife delivered possession to appellant, which appellee testified he declined to do. He testified that the reason he so refused was that appellant would not need the loan if appellee should move off the land. The record shows appellee is still in possession of the premises.

On August 7, 1936, appellee filed this suit, praying for rescission and cancellation of the deed upon the ground that appellant had failed and refused, and still refuses, to carry out the terms of the sale contract, and to procure a loan on the premises or to pay off and discharge the Amicable Life Insurance Company's indebtedness or the taxes due thereon, tendering the five notes of appellant for cancellation.

Appellant answered only by general demurrer and general denial, and the case was tried before the court without the intervention of a jury, resulting in a judgment for appellee, rescinding the transaction, canceling the deed and the notes, and for costs of suit.

■ Appellant excepted to the judgment and has brought the case before this court for review upon seven assignments of error, which we think may be reduced to three propositions, the first of which is that Mrs. Clara Blocker, wife of appellee, having signed the deed conveying the land to appellant, was a necessary party to the suit and, the suit being one to rescind and cancel the deed, no valid judgment could be rendered and there is a fatal nonjoinder of parties. It is not shown by the record that the contract was made for the benefit of Mrs. Blocker's separate estate or property. It not being shown that it belonged to either appellee as his separate property or to Mrs. Blocker as her separate property, it will be presumed that it was community property of Blocker and his wife, and under such conditions the wife is not a necessary party. The suit was essentially one to recover community property, in which the joinder of the wife is not required. Walling v. Hannig, 73 Tex. 580, 11 S.W. 547; Covington v. Burleson, 28 Tex. 368; Burke v. Purifoy, 21 Tex.Civ.App. 202, 50 S.W. 1089; Gabb v. Boston, 109 Tex. 26, 193 S.W. 137.

Appellant contends that the petition and proof are insufficient to warrant a judgment in favor of appellee because no fraud, accident, mistake, or other legal grounds are alleged or proven which could under the law form the basis for a rescission and cancellation of the deed. The petition alleges that the value of the land was $7,040. It recites the status of the loan held by the Amicable Life Insurance Company, the inability of appellee to pay it, his desire to dispose of the land in order to avoid foreclosure proceedings, the terms of the contract by which appellant agreed to procure a loan from the Federal Land Bank, and the manner in which the proceeds of the loan were to be applied. The only ground alleged as a basis for rescission and cancellation of the deed is that appellee failed and refused, and still fails and refuses, to carry out the terms of the sale contract and to procure a loan as provided in the contract, and has failed and refused to discharge the loan or the delinquent taxes.

■ The record shows that, immediately after the execution of the deed and contract, appellant made application to the Federal Land Bank for a loan and did all he could to procure the same, but was unable to do so because of the refusal of appellee to give possession of the land. There is no showing in the record that appellee had a legal right to retain possession and, in retaining it, he not only deprived appellant of the ability to comply with the contract, but also violated the legal import of the deed which he had executed and delivered. The suit of appellee was in form and substance an action to cancel the deed, rescind the contract of sale, and recover the land. The proceeding was cognizable only in a court of equity in which it must appear that appellee had the right to rescind the contract and cancel the deed at the time the suit was brought. It must further appear that it would not be inequitable or unjust for the court to decree such relief, and, as in all equitable proceedings, that appellee, as plaintiff, is in court with clean hands; that is, he must show that the dereliction on the part of appellant of which he complains was not caused by his own wrongful acts or conduct. Maverick v. Perez

et al. (Tex.Com.App.) 228 S.W. 148; Kuzelski et al. v. Bronder (Tex.Civ.App.) 297 S.W. 664; Cooley et al. v. Buie et ux. (Tex. Com.App.) 291 S.W. 876; Moore v. Giesecke, 76 Tex. 543, 13 S.W. 290.

The deed was of general warranty, and no reservation was contained in it except a vendor's lien to secure the payment of the notes executed by appellant. Neither the deed nor the contract contained any clause, condition, or reservation which would in any manner relieve the legal obligation resting upon appellee to deliver possession of the premises at the time he delivered the deed. The five vendor's lien notes were executed by appellant and delivered to appellee, and appellant had, by the terms of the deed, assumed the payment of the Life Insurance Company's loan. The refusal of appellee to deliver possession of the premises to appellant was, therefore, without justification or excuse. His refusal to give possession, according to the record, was the sole cause of appellant's failure to procure the loan as provided by the contract. No legal or reasonable excuse is given by appellee in his testimony for his refusal to give to appellant the possession of the land, and, the conduct of appellee being the sole cause of the failure of appellant to procure the loan, and such failure being the only ground of appellee's suit, the conclusion is inescapable that appellee has not come into court with clean hands and is not entitled to recover possession of the land. The proof did not warrant the relief for which he prayed, and we are further of the opinion that, even if the allegations and proof had established a case of fraud for which a rescission and cancellation of the deed could have been decreed, appellee was not entitled to that relief in this case because of his own wrongful conduct in retaining and refusing to give to appellant possession of the land, thus preventing him from performing the contract which formed the basis of appellee's suit. If he were in any manner hurt or injured, it was due to his own acts, and he was not entitled to the relief granted by the trial court.

Appellant presents other assignments and propositions pertaining to the absence from the allegations and proof any showing that appellee was in any manner damaged by appellant's failure to procure the loan, and also the absence of fraud, both of which are, ordinarily, necessary to establish the right to rescission and cancellation. Inasmuch as appellee is not entitled to recover for the reasons above stated, however, we deem it unnecessary to discuss those questions. Under no theory was appellee entitled to recover the land under the circumstances and in the manner in which he sought to do in this case.

The judgment of the trial court is reversed, and, as the case seems to have been fully developed in the trial court, judgment will here be rendered that appellee take nothing by his suit, and pay the costs of this court and the court below.