**Griffin COOPER et ux., Appellants,**

v.

**TEXAS GULF INDUSTRIES, INC., et al., Appellees.**

No. 5236.

Court of Civil Appeals of Texas, Waco.

April 19, 1973.

Rehearing Denied May 31, 1973.

———◆———

J. Leonard Gotsdiner and Ranseler O. Wyatt, Houston, for appellants.

Baer, Cryan, Keen & Kelly, Ralph A. Keen and James O. Kelly, III, Houston, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Dr. Griffin Cooper and wife Dolores from summary judgment that they take nothing, in suit for cancellation and rescission of a sale of real estate to them by defendants.

Plaintiffs Cooper and wife sued defendants Texas Gulf Industries, et al., on September 28, 1971, seeking cancellation and rescission of a sale of real estate to plaintiffs by defendants on the ground of fraud.

Defendants moved for summary judgment asserting plaintiff Dr. Cooper filed a prior suit against defendant on December 29, 1970, which was dismissed with prejudice on January 29, 1971, and that such judgment of dismissal with prejudice constitutes bar to maintenance of the second suit, and is res judicata.

The trial court rendered summary judgment plaintiffs take nothing.

Plaintiffs appeal on 3 points contending that trial court erred in rendering summary judgment because:

1) The court lacked jurisdiction in the prior suit, for which reason dismissal with prejudice "was void and cannot constitute res judicata of a subsequent suit".

2) The release in the prior case was limited to termination of the collateral property management agreement and was "ineffectual to constitute a general release of any other claim asserted by plaintiffs."

3) There are numerous fact issues which bar summary judgment for defendants.

In the prior suit Dr. Cooper alone was party plaintiff. He sought termination of a collateral management contract on the property purchased from defendant, and alternatively sought rescission of the sale to him of the same real estate involved in the instant suit. Thereafter, Dr. Cooper and wife Dolores and Texas Gulf Industries Inc., signed an agreement terminating the management contract, and releasing each party from all liability from any of its terms. Thereafter on January 29, 1971, the trial court dismissed the prior case "with prejudice".

In the instant case Dr. Cooper and wife Dolores are both parties plaintiff seeking cancellation and rescission of the sale to them of the same real estate involved in the prior case.

Plaintiffs in their 1st point assert that dismissal of the prior case with prejudice cannot constitute res judicata of the instant case, because Dolores Cooper wife of Dr. Cooper was not a party plaintiff in the prior case; that she was a grantee along with Dr. Cooper in the deed to the real es-

tate sought to be cancelled and rescinded; and as such she was a necessary party to such prior suit, and not being a party the court acquired no jurisdiction "as concerns the original suit", and its judgment of dismissal with prejudice is invalid. Plaintiffs rely on Sharpe v. Landowners Oil Ass'n., 127 Tex. 147, 92 S.W.2d 435, and Merritt v. Ryno, CCA, NWH, 268 S.W.2d 546.

■ These cases hold that all parties to a written instrument are necessary parties in a suit to cancel such instrument, but they are no longer decisive since they antedate Rule 39, Texas Rules of Civil Procedure, which must now be looked to in determining who are necessary parties. Petroleum Anchor Equipment, Inc., v. Tyra, S.Ct. 406 S.W.2d 891.

Rule 39 TRCP provides "a person * * * shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties * * *."

Dr. Cooper and wife Dolores were both grantees in the deed sought to be cancelled. In the prior case Dr. Cooper only was party plaintiff, and the court dismissed such case with prejudice.

■ In the absence of contrary proof all property acquired by either husband or wife during marriage is presumed to be community property. Higgins v. Higgins, CCA, NWH, 458 S.W.2d 498; Wilson v. Wilson, 145 Tex. 607, 201 S.W.2d 226.

■ And a wife is not a necessary party to actions involving community property, and judgment against the husband will conclude her even if she is not a party. Starr v. Schoellkopf Co., S.Ct., 113 S.W.2d 1227. Benson v. Blocker, CCA, NWH, 108 S.W.2d 937.

■ The Benson case supra specifically holds that joinder of the wife as a party plaintiff is unnecessary in husband's suit to rescind and cancel a deed of conveyance of community property.

See also: McAdams v. Dallas Ry. & Terminal Co., 149 Tex. 217, 229 S.W.2d 1012; Dudley v. Lawler, CCA, NWH, 468 S.W.2d 160; Benson v. Wanda Petroleum Co., S.Ct., 468 S.W.2d 361; Ramos v. Horton, CCA, NWH, 456 S.W.2d 565.

If the property had been Mrs. Cooper's separate property, Mrs. Cooper would still have not been a necessary party. Article 1983, Vernon's Ann.Tex.St.; Wade v. Wade, 140 Tex. 339, 167 S.W.2d 1008.

■ Mrs. Cooper's absence from the prior suit as a party could not and did not preclude the granting of complete relief to either party plaintiff or parties defendant. Thus she was not a necessary party to the prior suit; and the judgment of dismissal with prejudice against Dr. Cooper in such case is binding on her; is not void; and constitutes res judicata of the instant case.

Plaintiffs' 2nd contention asserts the release in the prior case covered only matters arising from the management contract and was ineffective to include that portion of the suit concerning cancellation and rescission of the sale.

The release did not preclude the filing of the instant case. It was the judgment of dismissal with prejudice in the prior case which bars the present action.

In the prior case plaintiff Dr. Cooper alternatively sought rescission of the sale. Thus such issue could have been tried in such case.

■ The rule of res judicata bars litigation of all issues connected with a cause of action or defense which, with use of diligence, might have been tried in a former case, as well as those which were actually tried, Ogletree v. Crates, S.Ct., 363 S.W.2d 431.

The prior judgment of dismissal with prejudice thus bars plaintiffs' present suit.

All plaintiffs' points and contentions are overruled.

Affirmed.