**Dean CARLTON, Appellant,**

v.

**ESTATE OF Kathleen ESTES, Dec. & J.W. Estes Admin. and Indiv., Appellee.**

**No. 2–82–140–CV.**

Court of Appeals of Texas, Fort Worth.

June 9, 1983.

Rehearing Denied July 14, 1983.

Ron V. Berkowitz, The Carlton Firm, Dallas, for appellant.

Robert W. Caston, Weatherford, for appellee.

Before FENDER, C.J., and HUGHES and JORDAN, JJ.

## OPINION

HUGHES, Justice.

Dean Carlton has appealed the judgment of the trial court which held that his claim against the Estate of Kathleen Estes was not valid and was not a secured claim against such Estate.

Affirmed.

This case was tried to the trial court on an agreed, undisputed statement of facts which is here recited in pertinent parts:

A Judgment was rendered against J.W. Estes in favor of the Plaintiff herein on February 3, 1975. At that time the Defendant J.W. Estes was married to Kathleen Estes. The Judgment was duly abstracted and filed in Jack County, Texas, on October 3, 1975. At that time and until the death of Kathleen Estes, the community of J.W. Estes and Kathleen Estes owned a certain piece of property in Jack County which was community property and subject to the joint management and control of both J.W. Estes and Kathleen Estes. On March 24, 1978 Kathleen Estes died and her estate became the custody of the Probate Court.

On April 26, 1979, Dean Carlton, as agent for Plaintiff, in the above referenced case 74–3527–H, filed a claim in Probate Court to have a preferred debt and specific lien on certain property of the estate including the property located in Jack County. By memorandum dated April 24, 1979, J.W. Estes, the administrator of the Estate of the Will annexed to the Estate of Kathleen Estes, injected [sic] the above mentioned claim on June 22, 1979. The lawsuit pending herein was filed by Plaintiff which was within the 90 days provided in Probate Code Section 313. . . .

In the original lawsuit against J.W. Estes aforementioned, where the judgment was dated February 3, 1975, Mrs. Estes was not a named party or served with any legal service therein, and a judgment was not entered against her in a named capacity.

■ It is undisputed that Kathleen Estes was never made a party to the 1975 suit and there is no evidence of her having given her husband written authority to represent her on the property involved. The Doctrine of Virtual Representation is dead. Tex. Fam.Code Ann. § 5.22 (1975) was the weapon used to accomplish its demise in 1971. Justice Johnson delivered a few words over the corpse on the 110th anniversary of the Emancipation Proclamation (in Texas known as "June Teenth") in the case of *Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200 (Tex.1974). On the same day Justice Pope also participated in the Doctrine's last rites in the case of *Dulak v. Dulak,* 513 S.W.2d 205 (Tex.1974).

Mr. Carlton seeks to use Tex.Fam.Code Ann. § 5.61(c) (1975) to authorize imputing the liability of J.W. Estes to Kathleen Estes and her Estate. This might have been done if she had been joined in the 1975 suit but she was not. "The rights of the wife, like the rights of the husband and the rights of any other joint owner, may be affected only by a suit in which the wife is called to answer." *Cooper, supra.* We overrule points of error one and two.

Considering that there was only one question of law to resolve in this case, and that an obvious one, and an agreed, undisputed statement of facts filed, we hold that the trial court's failure to file Findings of Fact and Conclusions of Law did not prevent proper presentation of this case on appeal. We overrule the third point of error.

Judgment affirmed.