## Dean CARLTON, Petitioner,
v.
## ESTATE OF Kathleen ESTES et al., Respondents.

### No. C–2362.

Supreme Court of Texas.

Dec. 31, 1983.

Rehearing Denied Feb. 29, 1984.

The Carlton Firm, Ron V. Berkowitz, Dallas, for petitioner.

Robert W. Caston, Weatherford, for respondents.

PER CURIAM.

The question before us is whether a wife's interest in community property subject to joint management, control, and disposition may be used to satisfy the debts of her husband if she was not joined in the lawsuit from which the debts arose.

Kathleen and J.W. Estes, the respondent, were married at the time a judgment was rendered against J.W. in a securities fraud suit. At that time and until the death of Kathleen, the community of Kathleen and J.W. owned a certain piece of property in Jack County which was subject to their joint management, control, and disposition. Petitioner Carlton, as agent for the plaintiff in the securities suit, filed a claim in probate court to have a preferred debt and specific lien placed on certain property of the estate including the property located in Jack County. Carlton's claim was rejected and this suit was filed. The case was tried to the court on an agreed statement of facts and Carlton's claim was denied. The court of appeals affirmed, holding that the doctrine of virtual representation was no longer the law in Texas. 654 S.W.2d 36. The court reasoned that "Mr. Carlton seeks to use Tex.Fam.Code Ann. § 5.61(c) (1975) to authorize imputing the liability of J.W. Estes to Kathleen Estes and her estate." It held this could not be done since Kathleen was never made a party to the securities fraud suit. We perceive that court to be saying that Carlton could not use § 5.61(c) as a means to reach Kathleen's community interest in the property. We disagree.

This court, relying upon § 5.61(c), Tex. Fam.Code, in *Cockerham v. Cockerham,* 527 S.W.2d 162 (Tex.1975), held that jointly managed community property would be liable for the debts of the wife's dress shop regardless of whether those debts were considered the debts of either or both spouses. *Id.* at 171. Section 5.61(c) states that community property which is subject to a spouse's "joint management, control, and disposition is subject to the liabilities incurred by him or her before or during marriage." Section 5.61(d) states that "all the community property is subject to tortious liability of either spouse incurred during marriage." Estes concedes that had Kathleen been joined in the securities suit, her interest in the Jack County property would be subject to his liabilities. We, however, see nothing in the language of either section as requiring the joinder of both spouses

in a suit in order that one spouse's interest in jointly managed community property may be reached to satisfy the liabilities of the other spouse.

The court of appeals correctly stated that the doctrine of virtual representation was abolished by this court in *Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200 (Tex. 1974), and *Dulak v. Dulak,* 513 S.W.2d 205 (Tex.1974). However, the doctrine of virtual representation is inapposite. Virtual representation is applied only where one spouse has attempted to represent the interest of both spouses in a suit directly concerning the community property. Here, Carlton was attempting to use the Jack County property to satisfy a judgment obtained against J.W. in a suit unrelated to the community property.

We hold, therefore, that a spouse's interest in community property subject to joint management, control, and disposition may be reached to satisfy the liabilities of the other spouse without joinder of both spouses in the suit. The court of appeals' decision is contrary to our holding in *Cockerham, supra,* and §§ 5.61(c) and (d) Tex.Fam.Code Ann. Accordingly, pursuant to Rule 483, Tex.R.Civ.P., without hearing argument, we reverse the judgments of the courts below and remand this cause to the trial court.