**REVISED April 15, 2015**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2015

Lyle W. Cayce
Clerk

No. 14-40361

In the Matter of:  DEAN E. BUESCHER; SHERRY R. BUESCHER,

> Debtors

------------------------------

DEAN E. BUESCHER; SHERRY R. BUESCHER,

> Appellants

v.

FIRST UNITED BANK AND TRUST,

> Appellee

Appeals from the United States District Court
for the Eastern District of Texas

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

The bankruptcy court declined to grant a discharge to defendant-appellant Dean E. Buescher ("Dean") and defendant-appellant Sherry R. Buescher ("Sherry") (collectively, "the Bueschers"). The district court affirmed

No. 14-40361

the judgment of the bankruptcy court. For the reasons explained below, we AFFIRM the district court.

## FACTS AND PROCEEDINGS

Dean operated a home-building business through Buescher Interests, L.P. ("BIL"). Sherry, who is Dean's spouse and a Texas-licensed attorney, often served as the closing officer for BIL's real estate transactions. Plaintiff-appellee First United Bank & Trust Co. ("First United") loaned BIL approximately $19 million. Dean personally guaranteed the loans First United made to BIL.

The Bueschers filed a joint Chapter 7 bankruptcy petition. First United filed an adversary complaint arguing, *inter alia*, that the bankruptcy court should refuse to discharge both Dean and Sherry from the bankruptcy action under 11 U.S.C. § 727(a)(2)-(5). The Bueschers moved to dismiss First United's adversary complaint, alleging that First United failed to timely serve process. The bankruptcy court denied the Bueschers' motion and granted First United's request for additional time to effect service. First United then served the Bueschers.

First United moved for summary judgment against Dean and Sherry under § 727(a)(2)-(5). The bankruptcy court granted First United's motion as to Dean under § 727(a)(3)[1] and denied the motion as to Sherry. After a bench trial, the bankruptcy court denied Sherry a discharge under § 727(a)(2), (a)(3),

---

[1] Section 727(a)(3) provides:

The court shall grant the debtor a discharge, unless . . . the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

*Id.*

2

No. 14-40361

and (a)(4)(a). *See First United Bank & Trust Co. v. Buescher (In re Buescher)*, 491 B.R. 419 (Bankr. E.D. Tex. 2013). The bankruptcy court then entered a final judgment denying a discharge to Dean and Sherry. The district court affirmed the judgment of the bankruptcy court. The Bueschers appeal the district court's order affirming the judgment of the bankruptcy court.

## STANDARD OF REVIEW

The bankruptcy court disposed of Dean's request for discharge at the summary judgment stage, while it disposed of Sherry's request after a bench trial. Thus, when considering Dean's appeal, we review the bankruptcy court's decision de novo. *See Deutsche Bank Nat'l Trust v. Oparaji (In re Oparaji)*, 698 F.3d 231, 235 (5th Cir. 2012). When considering Sherry's appeal, we review the bankruptcy court's findings of fact for clear error, and its conclusions of law de novo. *See Endeavor Energy Res., L.P. v. Heritage Consol., L.L.C. (In re Heritage Consol., L.L.C.)*, 765 F.3d 507, 510 (5th Cir. 2014).

## DISCUSSION

### I.

Sherry argues that First United did not have standing to object to her discharge, because it is not her creditor under 11 U.S.C. § 727(c)(1). Section 727(c)(1) provides that "[t]he trustee, a creditor, or the United States trustee may object to the granting of a discharge." We hold that First United is Sherry's creditor under § 727(c)(1).

Sherry never personally guaranteed the loans First United made to BIL. Thus Sherry is not *personally* liable to First United. *See* Tex. Fam. Code Ann. § 3.201(a) (providing that a party is personally liable for acts of spouse only in specified circumstances). But Texas is a community property state, and under Texas law, First United has an *in rem* claim against any community property that Dean jointly holds with Sherry. *See* Tex. Fam. Code Ann. § 3.202(c) (providing that "[t]he community property subject to a spouse's sole or joint

management, control, and disposition is subject to the liabilities incurred by the spouse before or during marriage"); *see also United States v. Loftis*, 607 F.3d 173, 179 (5th Cir. 2010) (explaining that "[§] 3.202(c) . . . renders all jointly managed community property subject to the nontortious liabilities incurred by [the debtor spouse]"). Because Dean and Sherry have jointly-held community property, First United could seek repayment in Texas court through an *in rem* suit against Sherry. *See, e.g., Carlton v. Estate of Estes*, 664 S.W.2d 322, 322-23 (Tex. 1983) (per curiam) (holding that predecessor statute to § 3.202(c) authorized husband's creditor to sue deceased wife's estate to satisfy judgment against husband).

The Bankruptcy Code defines "creditor" to include an "entity that has a community claim." 11 U.S.C. § 101(10)(C). It defines "community claim" as a claim "for which property of the kind specified in section 541(a)(2) of this title is liable." *Id.* § 101(7). Section 541(a)(2) provides that a bankruptcy estate includes "[a]ll interests of the debtor and the debtor's spouse in community property" that is either "(A) under the sole, equal, or joint management and control of the debtor;" or "(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable." *Id.* § 541(a)(2)(A)-(B). Read together, these provisions show that "[a]n entity that holds a claim against the nondebtor spouse under state law but does not hold a claim against the debtor, may nonetheless be considered a 'creditor' of the debtor under section 101(10), so long as that claimant could, under state law, satisfy the claim from community property of the type which would have passed to the estate." Collier on Bankruptcy ¶ 101.10 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014). Because First United could satisfy its claim against Dean through an *in rem* suit against Sherry, First United is Sherry's creditor under § 727(c)(1).

No. 14-40361

Sherry cites an opinion from another circuit's bankruptcy appellate panel that reached a contrary result. *See Warchol v. Barry (In re Barry)*, 451 B.R. 654 (B.A.P. 1st Cir. 2011). But that case was based on Massachusetts law, which is not a community property state. Sherry also contends that the bankruptcy court erred by assuming that Texas law creates a community debt for which the community property is liable. But we find nothing in the bankruptcy court's opinion that suggests such an error. The bankruptcy court simply interpreted Tex. Fam. Code Ann. § 3.202(c), which makes all jointly-held community property liable for the debts of either spouse.

We hold that First United is Sherry's creditor under 11 U.S.C. § 702(c)(1). Accordingly, the bankruptcy court did not err by holding that First United had standing to object to Sherry's discharge.

II.

Dean and Sherry contend that the bankruptcy court erred by granting First United's request for additional time to serve them, and by denying their motion to dismiss. We disagree.

Federal Rule of Civil Procedure 4 governs service of process in adversary proceedings in bankruptcy. *See* Fed. R. Bankr. P. 7004(a)(1). Under Rule 4(m), a plaintiff must serve the defendant within 120 days after the complaint is filed. "But if the plaintiff shows good cause for [a] failure" to timely serve the defendant, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "The [bankruptcy] court's finding of good cause is reviewed under an abuse of discretion standard." *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022 (5th Cir. 1995).

No. 14-40361

The Bueschers filed a motion to dismiss First United's complaint under Rule 4(m) and Bankruptcy Rule 7004.[2] In its response, First United argued that the Bueschers had intentionally avoided service, and asked for more time to perfect service. The bankruptcy court held a hearing to consider the Bueschers' motion and First United's request for more time. The bankruptcy court found that First United had made repeated attempts to serve the Bueschers, and "that the Bueschers either failed to update their address as required by the bankruptcy rules or purposefully avoided service."[3] These findings were sufficient to support the bankruptcy court's finding of good cause to extend the time for First United to perfect service.

The Bueschers argue that the bankruptcy court should have required a written motion from First United addressing the "excusable neglect" factors discussed in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). They cite no caselaw holding that Rule 4(m) requires a written motion. Moreover, *Pioneer* interprets Bankruptcy Rule 9006(b), *see Pioneer*, 507 U.S. at 382, not Bankruptcy Rule 7004(a)(1), which controls the time limit for service. *Pioneer* did not alter the "good cause" test that applies under Rule 4(m). *See McGinnis v. Shalala*, 2 F.3d 548, 550 n.1 (5th Cir. 1993) (per curiam).[4]

---

[2] Although the Bueschers did not cite the relevant rules, defendants in an adversary proceeding may move to dismiss a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5); *see* Fed. R. Bankr. P. 7012(b) (providing that Rule 12(b) is applicable in adversary proceedings).

[3] *See* Fed. R. Bankr. P. 4002(a)(5) (requiring debtor to "file a statement of any change of the debtor's address").

[4] Indeed, even if *Pioneer* applied to Bankruptcy Rule 7004(a)(1), First United necessarily satisfied the excusable neglect standard by showing good cause. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (reasoning that "[p]roof of good cause requires at least as much as would be required to show excusable neglect" (internal quotation marks and alteration omitted)).

No. 14-40361

Accordingly, we hold that the bankruptcy court did not abuse its discretion when it granted First United's request for additional time to serve the Bueschers and denied the Bueschers' motion to dismiss.

## III.

Dean and Sherry further contend that First United failed to carry its burden to show that they did not keep adequate financial records, or to show that the financial records that exist are insufficient for First United to evaluate their financial condition. We hold that First United carried its burden as to both Dean and Sherry.

Section 727(a)(3) provides that the bankruptcy court may refuse a discharge if (1) the debtor fails to keep or preserve financial records, and (2) the failure makes it impossible for the creditor to discern the debtor's financial condition. *See* 11 U.S.C. § 727(a)(3). The creditor has the initial burden to prove both (1) and (2). *See Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 703 (5th Cir. 2003). Once the creditor adduces relevant evidence establishing (1) and (2), the burden shifts to the debtor to show that the failure to keep records was justified under the circumstances. *Id.*

Dean and Sherry make various arguments in an attempt to show that First United failed to show (1) and (2). First, the Bueschers contend that, because First United relied on documents it obtained from the trustee, instead of personally seeking discovery from them, First United could not have carried its evidentiary burden to show that they failed to keep financial records. This argument turns on a question of law: Could First United show that the Bueschers failed to keep financial records without personally seeking discovery from them?

The Bankruptcy Code imposes a positive duty upon debtors to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate." 11

7

No. 14-40361

U.S.C. § 521(a)(4). The Bankruptcy Code also requires debtors to cooperate with the trustee. *See id.* at § 521(a)(3). In this case, the trustee requested records from the Bueschers, which they failed to provide. Moreover, the applicable civil procedure rules required the Bueschers to provide First United with "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii); *see* Fed. R. Bankr. P. 7026 (making Rule 26 applicable in adversary proceedings). Despite these various disclosure obligations, the Bueschers never turned over relevant financial records to the trustee or to First United. And the Bueschers fail to cite any provision of the Bankruptcy Code that requires creditors to personally make a discovery request before filing an objection to a debtor's discharge. We hold that First United was not required to personally seek discovery from the Bueschers in order to show that they failed to keep financial records under § 727(a)(3).

Second, Dean maintains that his testimony at the § 341 examination[5]— during which he stated that he had unspecified financial records—was sufficient to show a genuine issue for trial. But "a party's uncorroborated self-serving testimony cannot prevent summary judgment, particularly if the overwhelming documentary evidence supports the opposite scenario." *Vinewood Capital, LLC v. Dar Al-Maal Al-Islami Trust*, 541 F. App'x 443, 447-48 (5th Cir. 2013) (per curiam) (citing *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004)). Not only did Dean state during a deposition that he did not keep personal financial or business records, but as discussed above, he

---

[5] 11 U.S.C. § 341(a) requires the trustee to call a meeting of creditors soon after the initiation of a bankruptcy case. Section 343 requires the debtor to "appear and submit to examination under oath" at that meeting (thus, the examination is sometimes called a "§ 341 examination"). 11 U.S.C. § 343. The examination is intended to "assist in the administration of the debtor's estate." Collier on Bankruptcy, *supra* page 4, at ¶ 343.02.

failed to comply with various statutes and rules requiring full disclosure of all relevant records. Dean's uncorroborated, self-serving testimony during the § 341 examination is insufficient to show a genuine issue for trial.

Third, the Bueschers argue that First United failed to present any evidence that it could not discern their financial condition based on the existing financial records. But First United did adduce such evidence. The trustee averred in an affidavit that "[t]he information [that the Bueschers] provided was insufficient to allow for a tracing of the proceeds from the sale of [their] lake house, the liquidation of the[ir] IRA account, or the proceeds from the sale of their investments and vehicles." And during trial, the trustee testified that he was not able to discern the Bueschers' financial condition based on the records Sherry provided. Because Dean failed to adduce contrary evidence, the trustee's affidavit was sufficient to support First United's motion for summary judgment. The bankruptcy court did not clearly err in accepting the trustee's testimony during trial. The Bueschers also argue that First United should have hired an accountant to testify that it could not discern the Bueschers' financial condition. This court has never held that creditors are required to hire an accountant to provide such testimony.

Finally, Dean argues that, even if First United carried its burden to show that (1) he failed to keep or preserve financial records, and (2) that his failure made it impossible for First United to discern his financial condition, the testimony in his summary judgment affidavit showed that there was a genuine issue for trial. He cites the opening page of that affidavit and maintains that he "provided financial records to [his] counsel (which the trustee averred w[ere] not forwarded by said counsel to him)." The affidavit shows that Dean kept *some* financial records, but that point is undisputed. The relevant question is whether he kept adequate financial records, and whether his failure to do so kept First United from discerning his financial condition. Nothing in Dean's

No. 14-40361

summary judgment affidavit shows that there is a genuine issue for trial on those points. Dean fails to argue that his failure to keep records was justified under the circumstances.

First United carried its relevant burden as to both Dean and Sherry, and the bankruptcy court did not err in refusing to grant Dean or Sherry a discharge.

IV.

Sherry argues that First United failed to present legally or factually sufficient evidence to support the bankruptcy court's conclusion that she violated § 727(a)(2) and (a)(4)(a). But the district court relied solely on the bankruptcy court's § 727(a)(3) analysis in affirming the bankruptcy court's denial of discharge as to Sherry. Because the district court did not consider First United's objection under § 727(a)(2) or (a)(4)(a), Sherry's arguments regarding these subsections are moot.

## CONCLUSION

For the reasons explained, we AFFIRM the district court.