# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2022

Lyle W. Cayce
Clerk

No. 21-11202

Edmundo Espinoza, *an individual*,

*Plaintiff—Appellee*,

*versus*

Steven Eugene Humphries, *an individual*, *also known as*
Steve Humphries, *also known as* Steven H. Humphries,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:19-CV-1805

Before Smith, Clement, and Haynes, *Circuit Judges*.
Jerry E. Smith, *Circuit Judge*:

After a defendant fails to appear, the court enters a default. The defendant then objects, citing the plaintiff's failure to perfect service. Must the court set aside the entry of default and vacate the default judgment? Because the answer is yes, we vacate and remand.

Three years ago, Edmundo Espinoza sued Steven Humphries in a Texas federal court to recover unpaid legal fees. Espinoza tried many times to serve the summons and complaint on Humphries at his residence in Escambia County, Florida, but Humphries evaded personal service for

months.  So Espinoza switched gears:  The federal rules allow service under the law of the state "where service is made," FED. R. CIV. P. 4(e)(1), so Espinoza tried serving Humphries by publication under Florida law.

But that publication notice was defective.  Had Espinoza sued Humphries in a Florida state court, he would have had to follow Florida's venue statute, which would confine him to suing in Escambia County, where Humphries resided.  *See* FLA. STAT. § 47.011.  And to serve someone by publication in Florida, a plaintiff must publish his notice of suit "in the county where the court is located."  § 49.10(1)(a).  Espinoza published his notice not in Escambia County, but in Santa Rosa County.  So it did not comply with the statute.  "[A]nd absent strict compliance with the statute, service is improper and any resulting proceeding or judgment is void."  *Castro v. Charter Club, Inc.*, 114 So. 3d 1055, 1059 (Fla. Dist. Ct. App. 2013); *see also Demir v. Schollmeier*, 273 So. 3d 59, 61 (Fla. Dist. Ct. App. 2018).

Noting that defect, Humphries moved to vacate his default.  FED. R. CIV. P. 55(c).  But the district court declined and soon entered a default judgment.  That was an abuse of discretion.  *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).  A defendant cannot default if he had no duty to answer the suit—and he need not answer until "service has been perfected." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 n.6 (5th Cir. 2008).  Likewise, "a district court must set aside a default judgment as void if it determines that it lacked personal jurisdiction over the defendant because of defective service of process."  *Harper Macleod Solics. v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) (cleaned up).  So too here.

Nonetheless, the district court declined to consider Humphries's objection to improper service.  That was error.  Because Humphries was never properly served, he showed good cause to set aside his default and the default judgment that followed.  FED. R. CIV. P. 55(c).  So we vacate them

No. 21-11202

both.  On remand, the district court, in its discretion, may consider whether to extend the time limit for service for good cause on account of Humphries's flagrant evasion of service.  FED. R. CIV. P. 4(m); *Buescher v. First United Bank & Tr. (In re Buescher)*, 783 F.3d 302, 307 (5th Cir. 2015).

The judgment is VACATED and REMANDED.