# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2024

Lyle W. Cayce
Clerk

No. 23-10698

In the Matter of Darren Scott Matloff

*Debtor*,

Triumphant Gold Limited,

*Appellant*,

*versus*

Darren Scott Matloff,

*Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-274

Before Stewart, Clement, and Ho, *Circuit Judges*.
Per Curiam:[*]

Triumphant Gold Limited (TGL), a creditor, opposed the discharge of certain debts before a U.S. bankruptcy court. The bankruptcy court nonetheless granted discharge, and TGL appealed—first to the district

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10698

court, which affirmed, and then to us. Because the district court applied the wrong standard of review, we VACATE and REMAND.

Darren Matloff is the founder and sole owner of Rooftop, a family of companies that manufactured and distributed leisure-use drones. To finance its projects, Rooftop, through Matloff, sought financing from TGL. Rooftop and TGL executed two core loan agreements—one in 2016 and one in 2017. Relevant here is the 2017 agreement, which the parties revised and extended via numerous side letters. Through the agreement and its side letters, and in exchange for an extension of credit, Matloff agreed, in relevant part, (1) to reclassify as a loan from TGL a "CEO Bonus" from 2016, and (2) to collect purchase-order proceeds or accounts receivable and deposit those funds into bank accounts pledged as collateral to TGL.

In February 2018, Rooftop defaulted on its debt, and in 2019, both Matloff and Rooftop declared bankruptcy. Matloff never repaid the supposed bonus from 2016, however, and ceased depositing funds into the TGL-pledged accounts. Matloff and Rooftop sought discharge in U.S. bankruptcy court. TGL opposed discharge, invoking Sections 523 and 727 of the U.S. Bankruptcy Code, which govern "exceptions to discharge" and "discharge," respectively. 11 U.S.C. §§ 523, 727. TGL asserted both liquidated claims and unliquidated claims against Matloff and Rooftop.[1] After holding a trial, the bankruptcy court issued a 139-page opinion rejecting TGL's objections to discharge. TGL appealed to the U.S. District Court for the Northern District of Texas, certifying four issues for review:

1. Whether the Bankruptcy Court erred in determining that [Matloff]'s debt was dischargeable under 11 U.S.C. § 523(a)(6) because the amounts due did not arise from a

---

[1] A liquidated claim in bankruptcy refers to a claim the amount of which is known, whereas an unliquidated claim refers to a sum that is not yet estimated.

2

willful and malicious injury inflicted through [Matloff]'s breach of contract;

2. Whether the Bankruptcy Court erred in determining that [Matloff]'s debt owed through his personal guarantee of a loan made by [TGL] was dischargeable under 11 U.S.C. § 523(a)(2)(A) because the guaranty was based on [Matloff]'s alleged false representation of his intent to repay;

3. Whether the Bankruptcy Court erred in determining that [Matloff] should not be denied discharge under 11 U.S.C. §§ 727(a)(3) & 727(a)(7) because of his alleged failure to properly preserve financial records; and

4. Whether the Bankruptcy Court erred in determining that [Matloff] should not be denied discharge under 11 U.S.C. §§ 727(a)(2)(A) & (a)(7) when he allegedly transferred or permitted his companies to transfer property with the intent to hinder, delay, or defraud [TGL].

In a two-paragraph discussion section spanning less than a single page, the district court affirmed the bankruptcy court's opinion, citing only the high level of deference owed to bankruptcy courts' factual determinations. In particular, the district court held that "[a]ll four issues certified for review by the District Court are factual inquiries." It explained that "[TGL] makes no contention that [Matloff] was improperly awarded discharge because of a misrepresentation of the law, but only because the court applied the law to improperly drawn factual conclusions."

By congressional design, federal district courts serve as the first level of appellate review in the U.S. bankruptcy system. *See generally* 28 U.S.C. § 158; *see also River Prod. Co. v. Webb (In re Topco, Inc.)*, 894 F.2d 727, 734 (5th Cir. 1990) ("Section 158(c) creates an appellate structure for appeals from bankruptcy courts to district courts that parallels the appellate structure for appeals from district courts to courts of appeals."). Where a district court

affirms a bankruptcy court's decision, we "review [the] district court's affirmance . . . by applying the same standard of review to the bankruptcy court decision that the district court applied." *Barner v. Saxon Mortg. Servs., Inc. (In re Barner)*, 597 F.3d 651, 653 (5th Cir. 2010). Whereas a bankruptcy court's findings of fact are reviewed for clear error, its conclusions of law and mixed questions of law and fact are both reviewed *de novo. Tummel & Caroll v. Quinlivan (In re Quinlivan)*, 434 F.3d 314, 318 (5th Cir. 2005).

Because the questions that TGL certified for appellate review contain issues of law as well as issues of fact, the district court erred in applying a blanket clear-error standard. Specifically, all four questions certified for appellate review ask whether discharge of Matloff's debt was proper—whether under Section 523 or Section 727 of the U.S. Bankruptcy Code. We have previously held that "the decision to discharge . . . debts represents a conclusion regarding the legal effect of the bankruptcy court's factual findings as to [the debtor's] circumstances." *U.S. Dep't of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89, 91 (5th Cir. 2003). Thus, discharge decisions—whether the case turns on Section 523 or 727—are legal determinations subject to *de novo* review on appeal. *Id.*; *see also Thomas v. Dep't of Educ. (In re Thomas)*, 931 F.3d 449, 451–52 (5th Cir. 2019) (entitlement to discharge that turns on Section 523 is a question of law subject to *de novo* review); *Williams v. Int'l Bhd. of Elec. Workers Loc. 520 (In re Williams)*, 337 F.3d 504, 508 (5th Cir. 2003) (same); *Buescher v. First United Bank & Tr. (In re Buescher)*, 783 F.3d 302, 308 (5th Cir. 2015) (entitlement to discharge that turns on Section 727 is a question of law subject to *de novo* review); *Educ. Credit Mgmt. Corp. v. Young*, 376 B.R. 795, 799 (E.D. Tex. 2007) (same).

Because the district court erroneously applied a clear-error standard to the entire case on appeal, we VACATE and REMAND for the district court to resolve the above-certified questions under the applicable standard of review.