# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-30264
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2024

Lyle W. Cayce
Clerk

Dodiyi J. Williamwest,

*Plaintiff—Appellant*,

*versus*

Sherry Richardson; Martin Wiltz; Sergeant
Blanchard; Stars Oil; Marlin Gusman, *Sheriff*; Sean
LeBeouf, *POI*; Housing Authority of New Orleans;
LSUNO; Jacques Miller; Quickies Discount; Mitch
Landrieu; Crescent & Moon, Incorporated; Robert
Jackson; Bobby Jindal; LA Land Trust; Barack Obama,
*President*; Barry Grundman; Sarah Deland, *Doctor*; NOLA
Green Roots; Office of Motor Vehicle Louisiana; New
Orleans City;  Road Home; Allstate Insurance
Company; Dr. Bicks; James M. Lawler,

*Defendants—Appellees*,

*versus*

Scott Frank,

*Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-800

_____

Before SMITH, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Dodiyi J. Williamwest moves for leave to proceed in forma pauperis (IFP) from the district court's dismissal of his civil action against numerous defendants. To proceed IFP, a litigant must demonstrate both financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Because Williamwest presents a nonfrivolous argument for appeal, we GRANT his motion to proceed IFP. *See* 28 U.S.C. § 1915(a)(1); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). However, for the reasons stated below, we dispense with further briefing and affirm in part and vacate and remand in part.

The district court denied Williamwest IFP status after concluding that although the costs of the appeal would cause financial hardship, the appeal was not taken in good faith because Williamwest's claims lacked an arguable basis in law or fact. Although Williamwest asserts that the district court erred in considering the merits of his claims, the analysis was appropriate. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Williamwest also contends that the district court's denial of IFP status and the bad faith determination evince bias. An adverse judicial ruling against a litigant, standing alone, does not support an allegation of bias by a court. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). While we ultimately conclude that Williamwest has shown one nonfrivolous issue warranting a remand, Williamwest has pointed to no extrajudicial source of bias or prejudice.

Although the district court dismissed Williamwest's claims against some of the defendants with prejudice, it dismissed the remaining defendants

_____

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

without prejudice after concluding that Williamwest had failed to serve them properly in a timely manner pursuant to Federal Rule of Civil Procedure 4(m). Williamwest maintains that he was entitled to default judgment against all of the Louisiana defendants because he served them by certified mail and that the district court should not have set aside defaults entered by the Clerk of Court. As the district court found, certified mail service of a complaint is not proper on defendants residing within Louisiana. *See* Fed. R. Civ. P. 4(e), (h)(1), (j)(2)(B); La. Code Civ. Proc. Ann. arts. 1232, 1234, 1265. The district court thus had good cause to set aside the defaults. *See* Fed. R. Civ. P. 55(c); *Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022). Williamwest also complains about the Clerk's failure to enter default against Marlin Gusman, the Housing Authority of New Orleans, and the University of New Orleans. Because the service was by certified mail, Williamwest was not entitled to default. Moreover, as two of the defendants had filed motions to dismiss and the University of New Orleans was not properly served, default was not proper. *See* Fed. R. Civ. P. 55(a).

Williamwest also complains that the district court improperly set aside the default entered against Crescent & Moon, Inc., and NOLA Green Roots. Williamwest moved for a default, providing documentation indicating that these defendants were served through a process server. *See* La. Code Civ. Proc. Ann. art. 1261. Although the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55, the district court never explicitly set aside the defaults nor addressed the claims against these defendants in any way. However, the court ultimately dismissed all of Williamwest's claims against the remaining defendants without prejudice for lack of service. Accordingly, the dismissal of Williamwest's claims against Crescent & Moon, Inc., and NOLA Green Roots is VACATED, and the case is REMANDED for further proceedings with respect to those

allegations. We express no opinion as to whether default judgment is appropriate or whether good cause exists to set aside the default.

In a related contention, Williamwest contends that the district court should have imposed sanctions against the process server, Scott Frank, for his failure to serve all of the defendants despite his contractual obligation to do so. The district court declined to impose sanctions because neither Frank nor his employer was a defendant in the case. Williamwest has not shown that the district court abused its discretion in denying an implicit request to add new parties and a new-arising claim that did not relate back to his other allegations in his complaint. *See* Fed. R. Civ. P. 15(a)(2); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997).

Williamwest also asserts that the district court should have disallowed and sanctioned the defendants for filing unsigned pleadings, in violation of Federal Rule of Civil Procedure 11(a). This contention is frivolous; the attorneys properly submitted electronically signed documents to the court. *See* Fed. R. Civ. P. 5(d)(3)(C).

The district court also concluded that Williamwest's claims against several of the defendants were prescribed and that other allegations were meritless. Before this court, Williamwest asserts that the district court erred in concluding that the claims were prescribed because the last date of malicious prosecution was November 12, 2020, within one year of the filing of the original complaint. Williamwest did not raise a claim of malicious prosecution occurring on that date, and he may not raise a new theory of relief for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Although in motions for reconsideration Williamwest alleged that the last act of a conspiracy occurred in November 2020, he never alleged with any specificity the participants in a conspiracy to the events he alleged occurred on that date, which is insufficient to allege

such a charge. *See Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987). The only defendant Williamwest alleged to have engaged in actions on November 12, 2020, Dr. Sarah Deland, was never properly served.

With respect to the destruction and seizure of his real property, Williamwest maintains that prescription tolled based on his assertions of an "amicable demand." He does not identify any authority establishing that such relief tolls the prescriptive period, and his conclusional assertions are insufficient to show that the district court erred in concluding that his claims were prescribed. *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). In addition, he asserts that because the defendants are still in possession of his property, prescription is not an issue. The one-year limitations period began from the day he learned or should have learned of the damage to his property. *See* LA. CIV. CODE ANN. art. 3493 (West 2021). Williamwest has not argued that he was unaware of the destruction at the time it occurred in 2019. *See Campo v. Correa*, 828 So. 2d 502, 508 (La. 2002).

Although Williamwest contends that Quickies Discount did not show that it had a meritorious defense or grounds for setting aside the entry of default, this defendant argued in a motion to dismiss that the claims against it had prescribed. The district court concluded that the claims arose in 2014, more than one year before the filing of the complaint. *See* LA. CIV. CODE ANN. art 3492 (West 2021). Setting aside the default and dismissing based on prescription was proper. *See* FED. R. CIV. P. 55(c).

Williamwest complains that the attorney for the City of New Orleans and related defendants omitted his allegations of malicious prosecution and rape in their motion to dismiss. To the extent that he is referring to his claims of November 12, 2020, as noted above, he did not raise a claim of malicious prosecution. Williamwest also asserts that the City acted improperly by sending him a large tax bill after the destruction of his real property. The

district court construed this claim as an allegation of intentional infliction of emotional distress and concluded that Williamwest had failed to meet the applicable standard for such a claim. Williamwest does not challenge that allegation here. Instead, he appears to be arguing that the City engaged in the "crime" of intimidation. He does not identify a criminal statute, and he has not shown that any such statute gives rise to a private cause of action. *See, e.g.*, *Chevalier v. L.H. Bossier, Inc.*, 676 So. 2d 1072, 1076 (La. 1996) (noting that the statute in question was a criminal statute that did not provide a private cause of action or private remedy).

Finally, Williamwest argues that the district court fabricated facts relating to his claims against the University of New Orleans. The district court concluded that the University was not an entity capable of being sued and that alternatively Williamwest's claims were prescribed. Moreover, the court advised Williamwest to cease filing claims against the University, citing to previous lawsuits filed before the Eastern District of Louisiana and to prior "baseless" motions seeking entry of default. Williamwest contends that the court falsely stated that he alleged that he was entitled to a degree in 1981, 1994, or 1995. Even if the court was incorrect in its recitation of the relevant dates, it had no effect on its analysis of the applicable law. In addition, Williamwest contends that one of the prior lawsuits identified by the district court did not exist; however, he is incorrect. *See Williamwest v. Napolitano*, No. 2:07-CV-973 (E.D. La. Apr. 3, 2007) (unpublished).

Although the district court dismissed other defendants on prescription and merits bases, Williamwest has not challenged those grounds and any such arguments are deemed abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, except as stated above as to the claims against Crescent & Moon, Inc., and NOLA Green Roots, the district court's judgment is AFFIRMED in all other respects.