Roger A. BIXBY and Carmeleta B. Danner, Plaintiffs,

v.

Virginia K. BIXBY and Marjorie B. Gillick, Co-Executrixes under the Last Will and Testament of Kenneth R. Bixby, deceased, and Virginia K. Bixby, individually, Defendants.

Civ. A. No. P–3099.

United States District Court, S. D. Illinois, N. D.

July 8, 1970.

William E. Gary, Owensboro, Ky., Robert C. Stoerzbach, Galesburg, Ill., for plaintiffs.

William T. McNeill, and Moore W. Peregrine, Chicago, Ill., for Marjorie B. Gillick.

Timothy W. Swain, Peoria, Ill., George R. Lyon, Chicago, Ill., Joseph E. West, Galesburg, Ill., Swain, Johnson & Gard, Peoria, Ill., for Virginia K. Bixby.

## DECISION AND ORDER ON MOTION TO DISMISS

ROBERT D. MORGAN, District Judge.

This is a suit for a declaratory judgment praying judicial construction of the Last Will of Kenneth R. Bixby, deceased. The complaint contains the following pertinent allegations.

Mr. Bixby, a resident of Knox County in this District, died testate on January 7, 1969. His will was duly admitted to probate by the Circuit Court of the Ninth Judicial Circuit of Illinois. Virginia K. Bixby, decedent's wife, and Marjorie B. Gillick were appointed co-executors thereof.

The decedent's will contained a bequest to his wife, Virginia, of an amount equal to fifty percent of the value of his adjusted gross estate as determined for federal estate tax purposes. It further directed that his executors satisfy that bequest in part by transferring to her all of decedent's interest in a partnership known as Bixby-Zimmer Engineering Company.

The residuary legatees named in the will are the plaintiffs, Roger A. Bixby and Carmeleta B. Danner, and Donald L. Bixby, individually, Marjorie B. Gillick, individually, and Virginia K. Bixby and Marjorie B. Gillick, as trustees for the benefit of a minor son, Richard K. Bixby. Neither Donald L. Bixby, Marjorie B. Gillick, Richard K. Bixby, nor the trustees named to act for the latter are made parties to the suit.

The defendants against whom the suit was filed are Virginia K. Bixby and Marjorie B. Gillick, as co-executors of the will, and Virginia K. Bixby, individually.

The complaint further alleges that defendants, as executors of the estate, are seeking in the state court to make an immediate distribution to Virginia of the decedent's interest in the Bixby-Zimmer partnership, such distribution to include the share of profits and increments to the partnership accrued to the estate from and after the death of Mr. Bixby.

The complaint prays that the will be construed, and that the court find and decree upon such construction that the direction for the transfer of the Bixby-Zimmer Enterprise to Virginia does not include the profits and increments to that business which have accrued since the date of death of the decedent.

Jurisdiction is based upon diversity of citizenship, the plaintiffs being, respectively, citizens of the Commonwealth of Kentucky and the State of Florida, and the defendants being citizens of Illinois. Donald L. Bixby, Marjorie B. Gillick and Richard K. Bixby, the omitted residuary legatees, are all citizens of the State of Illinois.

Defendant, Virginia K. Bixby, individually, and as co-executor of the will, filed a motion to dismiss the complaint, grounded upon the contention, among others, that the cause cannot proceed without the joinder of all residuary legatees as parties. If that position is well taken, then the complaint must be dismissed because the joinder of such persons as plaintiffs would destroy the necessary complete diversity of citizenship.

Rule 19, Federal Rules of Civil Procedure, as amended to date, Title 28, United States Code, provides in pertinent part:

"(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will

not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

"(b) *Determination by Court Whenever Joinder not Feasible.* If a person as described in subdivision (a) (1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

Guidelines to the application of Rule 19 F.R.C.P. were set in Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed. 2d 936 (1968), which arose in a suit by a judgment creditor for a declaratory judgment against an insurance company. The question of non-joinder of the defendant's insured was not raised by any party in the trial court or the Court of Appeals. On appeal, the Court of Appeals raised the non-joinder question upon its own motion, and held that the trial court should have dismissed the complaint because the insured was an indispensable party. Provident Tradesmens Bank & Trust Co. v. Lumbermens Mutual Casualty Co., 365 F.2d 802 (3rd Cir.1966). The case came to the Supreme Court of the United States in that posture.

The Supreme Court reversed and remanded, holding that the insured was a party who should have been joined if feasible, but that the test of equity and good conscience established by the Rule required that the judgment, entered without objection to the non-joinder, should stand. 390 U.S. at 108, 109, 88 S.Ct. 733.

This court does not construe the opinion of the Supreme Court as turning upon the fact that a judgment had been entered in the cause without objection that the insured was not a party. Though the Court did hold that the defendant's interest in the avoidance of multiple litigation was waived by its failure to raise the issue, 390 U.S. at 110, 88 S.Ct. 733, it, nevertheless, considered the effect of the insured's absence upon the situation presented by the litigation, not upon the context of the judgment entered in the case. The Court's remand order directed the Court of Appeals to review the procedural issues raised upon the appeal and to review the judgment order with reference to its effect upon the interest of the absent party in the subject matter.

The Court said, in part:

" * * * Whether a person is 'indispensable,' that is, whether a partic-

ular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation." 390 U.S. at 118, 88 S.Ct. at 742.

It said further that a court cannot "know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him." 390 U.S. at 119, 88 S.Ct. at 743.

Balancing the interests which a court must consider, the Court said in pertinent part:

"[The fact that a nonparty would not be bound by a judgment] does not mean either (a) that a court may never issue a judgment that, in practice, affects a nonparty or (b) that * * * a court may always proceed without considering the potential effect on nonparties simply because they are not 'bound' in the technical sense. * * * [T]he court must consider the extent to which the judgment may 'as a practical matter impair or impede his ability to protect'. his interest in the subject matter." 390 U. S. at 110, 88 S.Ct. at 738.

" * * * One basis for dismissal is prejudice to the rights of an absent party that 'cannot' be avoided in issuance of a final decree. Alternatively, if the decree can be so written that it protects the interests of the absent persons, but as so written it leaves the controversy so situated that the outcome may be inconsistent with 'equity and good conscience,' the suit should be dismissed." 390 U.S. at 124–125, 88 S.Ct. at 746.

The *Provident* opinion lays to rest the proposition that resolution of the issue of necessity, or lack of necessity, of joinder can rest upon a classical, subject-matter grouping of particular types of litigation. The opinion emphasizes the necessity of weighing the factual situation presented in a particular cause in the light of the factors enumerated in Rule 19 and all other relevant factors.

■ When the situation before this court is measured in the light of the guidelines established in *Provident* and the provisions of Rule 19, this court is convinced that the cause of action asserted here must be dismissed. The omitted legatees are considered to be indispensable parties. Though the effect of a judgment here might, or might not, be pecuniarily prejudicial to them, this litigation must necessarily affect substantial rights and interest of the omitted legatees.

If a judgment for defendants here were ultimately necessary, the consequence of such judgment would be the substantial reduction of the potential residuary estate in which the absent parties might otherwise share. Such judgment would, patently, prejudice their rights and interests.

Since it cannot prejudge the ultimate issue presented by the complaint, the court must proceed upon the assumption that the interests of those absent persons will be prejudicially affected, unless in that event a judgment could be so framed as to avoid that result.

Upon that assumption, the court can conceive no judgment order which would dispose of this litigation as to the parties before it and yet avoid prejudice to the interests of the other residuary legatees. Such judgment would permit distribution of the funds in question to Mrs. Bixby, thus reducing the monetary potential of the residue, with resultant pecuniary loss to all of the residuary legatees.

The prospect of multiplicity of litigation against the defendants is also a real possibility in this situation. No judgment could divest the persons not before the court, or any of them, of the right to have the identical issue decided as to them by an appropriate state court. Nor would a state court be bound by any judgment of this court. In the event of such subsequent litigation, should this court proceed to the merits of this cause, it is thus possible that defendants

might be faced with conflicting decisions.

Finally dismissal here will deprive plaintiffs of neither a forum nor an adequate remedy. The statutes of Illinois expressly provide a procedure for will construction. Ill.Rev.Stat.1969, Ch. 22, § 50; Ch. 110, § 57.1. Plaintiffs may pursue their remedy in the appropriate state court where all interested persons may be joined as parties to the suit.

Plaintiffs contend that DeKorwin v. First National Bank of Chicago, 156 F. 2d 858 (7th Cir. 1946), has established a binding precedent that all legatees are not indispensable parties in any suit for construction of a will. They also rely upon Green v. Green, 218 F.2d 130 (7th Cir. 1954), and Wesson v. Crain, 165 F. 2d 6 (8th Cir. 1948), as authority for the same position.

■ We do not construe any of those cases as so holding,[1] but if any of them might be so construed, such decision is overruled by Provident Tradesmens Bank & Trust Co. v. Patterson, *supra*. There can be no doubt since *Provident* that the circumstances of a particular suit, not the subject matter thereof, are determinative of the issue whether litigation may proceed in the absence of a person who has an interest therein. 390 U.S. at 118, 119, 88 S.Ct. 733.

We are convinced that this court cannot proceed to the merits of this controversy without its action adversely affecting the rights of persons not before it. The complaint must, therefore, be and it hereby is dismissed, without prejudice to the cause of action, but for lack of diversity of citizenship jurisdiction here if all necessary parties are joined.

---

1. Analysis of *DeKorwin* indicates that the determinative factor was the fact that a part of the relief prayed by the plaintiff, one of several beneficiaries of a testamentary trust, could be granted without any adverse effect upon the interests of the other beneficiaries of the trust. De-Korwin v. First National Bank of Chicago, 156 F.2d 858, 861 (7th Cir. 1946).

In a suit by one beneficiary of a trust for an accounting and for the removal of the trustee, it has been held that the pecuniary interests of other beneficiaries would not be affected no matter what the ultimate decree. Green v. Green, 218 F.2d 130 (7th Cir. 1954); Wesson v. Crain, 165 F.2d 6 (8th Cir. 1948).

Compare, Young v. Powell, 179 F.2d 147 (5th Cir. 1950), cert. denied, 339 U.S. 948, 70 S.Ct. 804, 94 L.Ed. 1362, holding all residuary legatees indispensable parties to a suit to avoid certain gifts allegedly made by the decedent. However, the court noted the distinction between the case under consideration and those situations in which one of several legatees filed a suit limited to adjudication related to his severable interest in the estate. 179 F.2d at 150. Accurate analysis seems to reveal that all of those decisions are consistent with the principles established by *Provident*.