Griffin COOPER et ux., Petitioners,

v.

TEXAS GULF INDUSTRIES, INC., et al.,
Respondents.

No. B–4089.

Supreme Court of Texas.

June 19, 1974.

Rehearing Denied July 17, 1974.

J. Leonard Gotsdiner and Ranseler O. Wyatt, Houston, for petitioners.

Baer, Cryan, Keen & Kelly, Melvin R. Wilcox, III and Ralph A. Keen, Houston, for respondents.

SAM D. JOHNSON, Justice.

Petitioners Dr. Griffin Cooper and his wife, Dolores, appeal from summary judgment that they take nothing in a suit for cancellation and rescission of a sale of real estate to them by Texas Gulf Industries, Inc. (T.G.I.). Cooper and his wife sued T.G.I. on September 28, 1971 alleging fraud as ground for rescission and cancellation of the sale. T.G.I. moved for summary judgment asserting Dr. Cooper previously filed a suit on December 29, 1970, which suit was dismissed with prejudice on January 29, 1971, and that such dismissal with prejudice was res judicata of the instant action. The trial court granted T.G.I.'s motion for summary judgment that plaintiffs take nothing and the court of civil appeals affirmed. 495 S.W.2d 273. We reverse and remand.

In the prior suit filed December 29, 1970 Dr. Cooper was the sole plaintiff. He sought to terminate a management contract on the property at issue and alternatively sought to rescind the sale of the property. The trial court dismissed the first suit "with prejudice."

The Coopers argue that dismissal of the prior suit with prejudice is not res judicata

of the instant suit because Dolores Cooper, being a grantee along with her husband in the deed to the real estate at issue, was a necessary party to a suit to cancel and rescind the sale. Accordingly, the Coopers assert, the trial court had no jurisdiction in the prior case and the judgment of dismissal with prejudice is invalid.

A decision on whether a wife is an indispensable party in an action which concerns her joint community property necessitates (1) a study of the Texas Family Code, Section 5.22 (1971),[1] to determine the nature of the community property, (2) a reexamination of the rule that a husband can act for and represent his wife in an action concerning their joint community property under the doctrine of virtual representation, and (3) a discussion of the application of Rule 39, as amended, Texas Rules of Civil Procedure (1971), concerning the joinder of parties.

## THE NATURE OF THE COMMUNITY PROPERTY

T.G.I. says in its brief that the property in question is community property and the record bears this out. Both Coopers were named in the deed to the property in question and both signed a deed of trust executed in favor of T.G.I. Insofar as can be ascertained, both Coopers were obligated also on the notes given as consideration. Part of the consideration was payment of $45,000 in cash; the record does not reveal the source of these funds.

1. Section 5.22 recites:

"§ 5.22. Community Property: General Rules

"(a) During marriage, each spouse has the sole management, control, and disposition of the community property that he or she would have owned if single, including but not limited to:

    (1) personal earnings;

    (2) revenue from separate property;

    (3) recoveries for personal injuries; and

    (4) the increase and mutations of, and the revenue from, all property subject to his or her sole management, control, and disposition.

"(b) If community property subject to the sole management, control, and disposition of

one spouse is mixed or combined with community property subject to the sole management, control, and disposition of the other spouse, then the mixed or combined community property is subject to the joint management, control, and disposition of the spouses, unless the spouses provide otherwise by power of attorney or other agreement in writing.

"(c) Except as provided in Subsection (a) of this section, the community property is subject to the joint management, control, and disposition of the husband and wife, unless the spouses provide otherwise by power of attorney or other agreement in writing."

Under Section 5.02, Texas Family Code (Supp.1971), property possessed by either spouse during marriage is presumed to be community property. In light of this presumption, and the absence of contrary evidence in the record, the court adopts T.G. I.'s statement that the property involved is community.

Under Section 5.22 community property falls into two categories with respect to management: *sole* management community property and *joint* management community property. On the basis of the record before us, the court must assume that the property is subject to joint management. Section 5.24 says, "[d]uring marriage, property is presumed to be subject to the sole management, control, and disposition of a spouse *if* it is held in his or her name . . . . " [Emphasis added.] All of the evidence, as noted above, indicates joint ownership of and joint liability for the property in question.

## THE DOCTRINE OF VIRTUAL REPRESENTATION

One of the basic questions in this case is whether Dr. Cooper, in bringing the first suit without the joinder of his wife, acted as a representative of the community; whether he "virtually represented" his wife in that action. If the doctrine has vitality, the dismissal with prejudice of that first suit would be binding upon the wife, Mrs. Dolores Cooper, and res judicata as to the second and instant suit.

■ Under the doctrine of virtual representation, a suit naming only the husband as a party is nonetheless binding on the wife. Starr v. Schoellkopf Co., 131 Tex. 263, 113 S.W.2d 1227 (1938); Gabb v. Boston, 109 Tex. 26, 193 S.W. 137 (1917); Jergens v. Schiele, 61 Tex. 255 (1884); Cooley v. Miller, 228 S.W. 1085 (Tex. Comm'n App. 1921, judgmt adopted); Hall v. Aloco Oil Co., 164 S.W.2d 861 (Tex. Civ.App.—Amarillo 1942, writ ref'd); 30

Tex.Jur.2d Husband and Wife § 167. The basis for virtual representation is the husband's power of sole management of the entire community.

■ Section 5.22 of the Family Code takes away the husband's sole right to manage all of the couple's community property. When joint management community property is involved, the husband and wife are now *joint* managers. The wife is her husband's equal with respect to management; she stands in the same position as any other joint owner of property. While another section [2] provides that a spouse may sue and be sued without the joinder of the other, *neither* spouse may virtually represent the other. The rights of the wife, like the rights of the husband and the rights of any other joint owner, may be affected only by a suit in which the wife is called to answer. If one of the spouses wishes the other to represent him or her, Section 5.22(c) of the Family Code permits that arrangement provided the consenting spouse authorizes that representation by a power of attorney or other agreement in writing. No such writing is in evidence here.

■ Dolores Cooper was not a party to the first suit; the doctrine of virtual representation was abolished by the new Family Code; there was no writing authorizing her husband to represent her. Accordingly, her interest in the Coopers' joint management community property is untouched by the judgment of dismissal with prejudice of the first suit.

## THE JOINDER OF PARTIES

Having determined that the wife was not virtually represented by her husband, a second question is urged for consideration: was Dolores Cooper an indispensable party in the first suit? Under the traditional view, if she *was* an indispensable party, the judgment in the first suit would be invalid and *not* res judicata as to either of the

---

2. "§ 4.04. Joinder in Civil Suits
  "(a) A spouse may sue and be sued without the joinder of the other spouse.

"(b) When claims or liabilities are joint and several, the spouses may be joined under the rules relating to joinder of parties generally."

Coopers; if she was *not* an indispensable party, then the judgment would be binding on Dr. Cooper since he was a party, although still not binding on Mrs. Cooper. Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.1966).

Amended Rule 39,[3] however, initiated an entirely new method for resolving the question of joinder of parties. Amended Rule 39, effective January 1, 1971, is almost an exact copy by Texas of Federal Rule 19, Federal Rules of Civil Procedure, which is also of recent origin, having been adopted in 1966.

Prior to the amendment to Rule 39, Texas resolved questions of joinder of parties by efforts to catalogue parties as "proper," "necessary,"· "indispensable," "conditionally necessary," or "insistible." Typical of that approach is this court's preamendment opinion in Petroleum Anchor Equipment, Inc. v. Tyra, *supra*, where it is stated:

> "It is at once apparent that the 'necessary' parties of which the rule speaks fall into two categories: (1) those who under the paragraph (a) *'shall* be made parties,' and (2) those who under paragraph (b) 'ought to be parties if complete relief is to be accorded between

those already parties.' It is also at once apparent that 'persons having a joint interest' within the meaning of paragraph (a), properly interpreted, are *indispensable* parties, but that those who simply ought to be joined if complete relief is to be accorded between those already parties are not *indispensable*. The rule expressly confers discretion upon trial courts to proceed without joinder of persons in the second category if jurisdiction over them can be acquired only by their consent or voluntary appearance. If joinder of such persons is discretionary, their joinder cannot be essential to jurisdiction of a court to proceed to judgment." 406 S.W.2d 891 at 893.

That historical and classical approach to the joinder of parties has now been wholly replaced. The reasons and legal literature which impelled the adoption of the new approach are well summarized in 7 C. Wright & A. Miller, Federal Practice and Procedure § 1601 (1972). One of the aims of the revised rule was to avoid questions of jurisdiction. The text states:

> "In addition to the failure of many courts to articulate satisfactory bases of decision prior to 1966, the Advisory Committee referred to other defects in

---

3. "Rule 39. Joinder of Persons Needed for Just Adjudication

"(a) Persons to be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

"(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action

should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

"(c) Pleading Reasons for Nonjoinder. A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (a)(1)–(2) hereof who are not joined, and the reasons why they are not joined.

"(d) Exception of Class Actions. This rule is subject to the provisions of Rule 42. Amended by order of July 21, 1970, effective January 1, 1971."

the original version of Rule 19. Paramount among these was a problem of 'jurisdiction' that arose in connection with the concept of indispensable parties. The Committee felt that the rule's [original] wording suggested that the absence of an indispensable party 'itself deprived the court of the power to adjudicate as between the parties already joined.' As is discussed in another section, failure to join a party under Rule 19 is not really a jurisdictional matter inasmuch as the court does have subject matter jurisdiction over the action before it; what is involved is a question of whether the court should decline to adjudicate the dispute because certain persons are absent. The present language of Rule 19(a) and Rule 19(b) should help eliminate this confusion."

*And see* C. Wright, Law of Federal Courts § 70 at 298–99 (2d ed. 1970).

Contrary to our emphasis under Rule 39 before it was amended, today's concern is less that of the jurisdiction of a court to proceed and is more a question of whether the court ought to proceed with those who are present. Rippey v. Denver United States National Bank, 42 F.R.D. 316 (D. Colo.1967). The United States Supreme Court provides a helpful discussion of the objectives sought by its amended Rule 19 in Provident Tradesmens Bank & Trust v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). One of the practical factors the court took into consideration in holding that an absent party was not jurisdictionally indispensable was the fact that the case had actually been tried as to those parties who were present and there was no objection at the trial level concerning the nonjoinder of a party. As expressed in Continental Insurance Co. of New York v. Cotten, 427 F.2d 48, 51 (9th Cir. 1970), "at the appellate stage there is reason not to throw away a judgment just because it did not theoretically settle the whole controversy."

The amended rule includes practical considerations within the rule itself, including the extent to which an absent party may be prejudiced, the extent to which protective provisions may be made in the judgment, and whether in equity and good conscience the action should proceed or be dismissed. The factors mentioned in the rule which a judge may consider are not exclusive. Provident Tradesmens Bank & Trust Company v. Patterson, supra; Bixby v. Bixby, 50 F.R.D. 277 (S.D.Ill.1970); 7 C. Wright & A. Miller, Federal Practice and Procedure, *supra,* at 14. As expressed in Schutten v. Shell Oil Co., 421 F.2d 869, 874 (5th Cir. 1970), "[t]he watchwords of Rule 19 are 'pragmatism' and 'practicality.' The court must, however, always consider the possibility of shaping a decree in order to adjudicate between the parties who have been joined."

Under the provisions of our present Rule 39 it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined. Although not of controlling importance, the very title of the rule has been changed from "Necessary Joinder of Parties" to "Joinder of Persons Needed for Just Adjudication." Subdivision (a) provides that certain persons "shall be joined," but there is no arbitrary standard or precise formula for determining whether a particular person falls within its provisions. It is clear, moreover, that the persons described in the subdivision are to be joined only if subject to service of process. When such a person cannot be made a party, the court is required to determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed."

■ Under the foregoing analysis of Rule 39 we determine that the named parties in the first suit, Dr. Cooper and T.G. I., were properly before the court for the resolution of the issues between them; that the judgment of dismissal with prejudice resolved those issues and is necessarily res judicata as to the claims of Dr.

Cooper in the second and instant suit; that the judgment of dismissal is not res judicata, however, with respect to the rights and claims of Mrs. Dolores Cooper; and finally, that the judgment of dismissal is conclusive as to Dr. Cooper except to the extent that it might have to be disregarded in giving Mrs. Cooper all the relief to which she may show herself entitled.

The judgments of the courts below are reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.

Concurring opinion by WALKER, J., in which GREENHILL, C. J., joins.

WALKER, Justice (concurring).

I am in general agreement with the opinion and concur in the judgment of the Court. It should be pointed out, however, that there has been no showing that Mrs. Dolores Cooper participated in the prior litigation. See 46 Am.Jur.2d, Judgments § 535; Restatement, Judgments § 84.

GREENHILL, C. J., joins in this concurring opinion.