**AFFIRM; and Opinion Filed August 23, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-01013-CV
_____

### ISIDRO ROSAS AND MARIA MARTINEZ, Appellants
### V.
### CHIH TING WANG, Appellee

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-03072-D**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

Appellee Chih Ting Wang filed an eviction case against Isidro Rosas and "all occupants"

of the real property at issue in this appeal. The trial court rendered judgment against the defendants.

Rosas and his wife, Maria Martinez, who was also an occupant of the subject property, appeal the

judgment. We affirm.

### Background

In 2004, Rosas purchased a single-family residence located at 1922 Prichard Lane, Dallas,

Texas, 75217 (the Property). In connection with the financing of this purchase, Rosas signed a

Deed of Trust for the benefit of Summit Mortgage Corporation. Rosas's wife, Martinez, also lived

on the Property, but she was not listed on the Deed of Trust. The Deed of Trust was recorded in

the Dallas County real property records.

The Deed of Trust contained a "Sale Without Credit Approval" clause that required Summit Mortgage to demand immediate payment of all sums secured if Rosas sold or transferred the Property to a purchaser or grantee (i) who did not occupy the Property as his or her principal residence, or (ii) whose credit had not been approved in accordance with certain requirements. In addition, the Deed of Trust gave Summit Mortgage, or its successors and assigns, the right to sell the Property through a non-judicial foreclosure sale in accordance with the terms therein.

Rosas contracted to sell the Property to Rafael Longoria in 2008 through a Contract for Deed. Under the contract terms, Longoria agreed to pay monthly installment payments, and Rosas agreed to convey the Property to Longoria upon "receiving full and final payment." According to appellee, this sale was in violation of the "Sale Without Credit Approval" clause in the Deed of Trust. The Longoria Contract for Deed was recorded in the Dallas County real property records, but appellee represents that such records contain no deeds or like conveyance instruments transferring title to the Property from Rosas to Longoria.

Summit Mortgage assigned the Deed of Trust to Wells Fargo Bank, N.A. in 2011. The assignment was recorded in the Dallas County real property records. The following year, Longoria contracted to sell the Property to Aida Santollo, again through a Contract for Deed. Under the contract terms, Santollo agreed to pay monthly installments "as established by note or loan from owner Isidro Rosas and with the rate and terms on said note, which should be paid in full for the years thereof." The contract also provided that Longoria agreed to convey the Property to Santollo upon "receiving full and final payment." The Santollo Contract for Deed was recorded in the Dallas County real property records, but appellee represents that such records contain no deeds or like conveyance instruments transferring title to the Property from Longoria to Santollo.

Rosas defaulted on the subject loan, though the record is unclear as to when the default occurred. Thereafter, Martinez filed three separate bankruptcy proceedings that, in appellee's

view, were for the purpose of delaying foreclosure proceedings. Specifically, in March 2017, Martinez filed a Chapter 13 bankruptcy in federal bankruptcy court, but her bankruptcy case was subsequently dismissed for failure to make plan payments. Later that year, on October 2, Martinez filed a second Chapter 13 bankruptcy.

The second bankruptcy was apparently unknown to Wells Fargo, whose substitute trustee sold the Property to Dan Willems the following day through a non-judicial foreclosure sale. On October 12, Wells Fargo rescinded the sale, *see* TEX. PROP. CODE ANN. § 51.016, due to the bankruptcy stay in effect, *see* 11 U.S.C. § 362(a)(3). It mailed a Notice of Rescission of Foreclosure sale to Rosas and returned the bid amount to Willems. It also recorded in the Dallas County real property records an Affidavit of Notice of Rescission for Foreclosure Sale and an Affidavit of Return of Foreclosure Bid Funds for Rescinded Non-Judicial Foreclosure Sale. Appellee represents that no action challenging the effectiveness of the rescission was commenced on or before November 15, 2017, which was the thirtieth day after the Notice of Rescission was recorded. PROP. CODE § 51.016(j) ("No action challenging the effectiveness of a rescission under this section may be commenced unless the action is filed on or before the 30th calendar day after the date the notices of rescission . . . [is] filed for recording.").

Martinez's pending bankruptcy case was dismissed on November 6, 2017, based on her failure to file information. Nearly two months later, on January 2, 2018, Martinez filed a third Chapter 13 bankruptcy. Also on January 2, appellee purchased the Property in a foreclosure sale auction.[1] On January 11, a substitute trustee on behalf of Wells Fargo executed a Substitute Trustee's Deed that conveyed title to the Property to appellee. The Substitute Trustee's Deed was recorded in the Dallas County real property records.

---

[1] Under federal law, the dismissal of Martinez's first two bankruptcies within the preceding year precluded her January 2 bankruptcy from triggering a stay. *See* 11 U.S.C. § 362(c)(4)(A).

The following month, on February 14, appellee served a written Notice to Vacate—addressed to "Isidro Rosas and all Occupants"—by both regular and certified mail. Soon thereafter, on February 26, Martinez's third bankruptcy case was dismissed with prejudice to refiling same for 180 days based on her serial bankruptcy filings. On March 1, appellee filed a verified original petition for eviction[2] in Dallas County Justice Court, Precinct 1, Place 2,[3] against Rosas and "all occupants." Appellee's petition alleged that the defendants had failed to surrender possession of the Property by the time specified in the Notice to Vacate. The petition requested, among other relief, judgment against defendants for possession of the Property and for writ of possession.

The case was called for trial in the justice court on March 27, 2018. The record contains no transcript from this trial. According to appellee, Martinez represented to the court that she had filed for bankruptcy, and Martinez did not disclose that the bankruptcy had already been dismissed. The justice court stayed appellee's case based on the bankruptcy action.

Appellee subsequently filed a motion to end abeyance, and on May 14, 2018, the justice court rendered judgment in appellee's favor. Appellants appealed the judgment to Dallas County Court at Law No. 4. *See* TEX. R. CIV. P. 510.9 (setting forth procedures for appeal of judgment in an eviction case). Thereafter, they filed a "Plea in Abatement, Plea to Jurisdiction and Original Answer Subject to Plea." This filing contended that the Dallas County real property records do not show a sufficient instrument of conveyance of the Property to appellee, thereby depriving her of standing. Appellants also urged that defects in title on the face of the public records, including a defective affidavit in connection with the October 2017 rescission, deprived the county court of jurisdiction.

---

[2] *See* TEX. R. CIV. P. 510.3(a) (requiring that petition in an eviction case be sworn to by plaintiff).

[3] *See* PROP. CODE § 24.004(a) (providing that "a justice court in the precinct in which the real property is located has jurisdiction in eviction suits").

Appellee filed a first amended petition for eviction and response to appellants' pleas. The amended petition was not verified.[4] Thereafter, on July 20, 2018, the county court held a hearing on the foregoing pleas and a bench trial on the merits. *See* TEX. R. CIV. P. 510.10(c) (requiring that eviction case on appeal must be tried de novo in the county court). The court rendered judgment that same day awarding possession of the Property to appellee and granting her a writ of possession. Appellants appealed the judgment to this Court.

## Analysis

Appellants raise five issues, each of which asserts a reason that the trial court purportedly erred in hearing the case and rendering judgment.

### Alleged Title Defects

Appellants' fourth issue contends that the public records that appellee attached to her amended petition and offered into evidence at trial reveal defects in the chain of title that deprive appellee of standing to pursue her claim. Standing is a component of subject matter jurisdiction that we review de novo. *Sneed v. Webre*, 465 S.W.3d 169, 180 (Tex. 2015). Appellants' fifth issue asserts that these same defects deprived the trial court of jurisdiction on the basis that justice courts and county courts at law do not have jurisdiction to adjudicate a forcible detainer action if the question of title is so intertwined with the issue of possession that possession may not be adjudicated without first determining title. *See Acosta v. ALNA Props. II, LLC*, No. 5-17-00825-CV, 2018 WL 1870743, at *1 (Tex. App.—Dallas Apr. 19, 2018, pet. denied) (mem. op.); *see also In re Am. Nat'l Investors, Corp.*, No. 05-17-00937-CV, 2017 WL 6503101, at *2 (Tex. App.—Dallas Dec. 19, 2017, orig. proceeding) (mem. op.) ("[T]he county court is deprived of jurisdiction if resolution of a title dispute is a prerequisite to the determination of the right to immediate possession.").

---

[4] Appellee represents that the lack of a verification was inadvertent.

Appellants' chief complaint relates to the October 2017 rescission of the foreclosure sale of the Property to Dan Willems. They assert that the Affidavit of Notice of Rescission did not comply with section 51.016 of the Property Code. This section states that (i) a written notice of the rescission of a non-judicial foreclosure sale must be served by certified mail on the purchaser or debtor, and (ii) such notice must be filed for recording in the real property records of the county in which the property is located. PROP. CODE § 51.016(c), (d). The statute also provides that "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Id.* at § 51.016(d).

In this case, the Affidavit of Notice of Rescission was signed by Paige Bryant, a representative of the law firm of Barrett Daffin Frappier Turner & Engel, LLP (BDFTE), which appears to be counsel for Wells Fargo. Bryant avers as follows:

> Together with my general knowledge of mortgage servicer practices for referring foreclosure matters to BDFTE, the statements and information shown in these records form the basis for the following statements made in this affidavit, which *to the best of my knowledge and belief* are true and correct.

(Emphasis added). Bryant's affidavit also attaches a copy of the Notice of Rescission sent to Rosas. The affidavit states that BDFTE mailed the Notice on October 12, 2017.

Appellants contend that the affidavit "was improperly qualified and not sworn without reservation," contrary to section 51.016. In appellants' view, this defect required abatement or dismissal of appellee's suit. As support, appellants rely on *A Plus Investments, Inc. v. Rushton*, No. 2-03-174-CV, 2004 WL 868866 (Tex. App.—Fort Worth Apr. 22, 2004, no pet.) (mem. op.). That case arose from a borrower's default on a home-equity loan whose security instrument incorporated a provision of the Texas Constitution that required a court order of foreclosure in the event of a default. *Id.* at *2 (citing TEX. CONST. art. XVI § 50(a)(6)(D)). The lender named on the security instrument, Associates Financial Services Company of Texas, obtained such an order of foreclosure, but the foreclosure was actually conducted by an alleged successor of Associates,

CitiFinancial, Inc. *Id.* at *1. The purchaser of the property from CitiFinancial, A-Plus Investments, Inc., brought a forcible detainer action against the borrowers in justice court. *Id.* The case resulted in a judgment for A-Plus, but on appeal, the county court dismissed the case for want of jurisdiction. *Id.* On further appeal, our sister court affirmed the county court's dismissal. *Id.* The court noted that Associates was the only entity that had the right to foreclose on the borrowers' home, but it was CitiFinancial who transferred ownership of the property to A-Plus. *Id.* at *2. A-Plus's "failure to connect the dots" between Associates and CitiFinancial created an "issue of title" that was inextricably intertwined with the right to possession, thereby depriving the county court of jurisdiction. *Id.* at *1–3.

Appellee responds that she proved the elements of a forcible detainer action[5] and that she has shown a right to immediate possession superior to appellants' right. *See Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (noting that the only issue in a forcible detainer action is which party has the right to immediate possession of the property.); *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.) (stating that defects in the foreclosure process or with title to the property may not be considered in a forcible detainer action). Appellee also urges that the alleged defect raised by appellants is not a basis for awarding them ownership or possession of the Property. In the words of appellee, this defect, "if taken as true, would [instead] render an independent third-party [Willems] the lawful owner of the Subject Property." Appellee also notes that appellants were free to concurrently pursue a suit to try title in district court, *see Acosta*, 2018 WL 1870743, at *1, but they have not done so.

---

[5] There are four such elements: (i) the substitute trustee conveyed the property by deed to the plaintiff after the foreclosure sale; (ii) the deed of trust signed by the defendant established a landlord-tenant relationship between the plaintiff and defendant; (iii) the plaintiff gave proper notice to the defendant to vacate the premises; and (iv) the defendant refused to vacate the premises. *U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex. App.—Dallas 2008, no pet.) (citing PROP. CODE §§ 24.002(a)(2), 24.002(b), 24.005).

We agree with appellants that Bryant's affidavit is defective because it is not based on her personal knowledge. *See Winnard v. J. Grogan Enters., LLC*, No. 05-10-00802-CV, 2012 WL 1604907, at *2 (Tex. App.—Dallas Apr. 30, 2012, no pet.) (mem. op.) (noting that statements made "to the best of my knowledge and belief" in an affidavit are legally insufficient). Accordingly, under the plain terms of section 51.016, the affidavit is not prima facie evidence of service of the Notice of Rescission. *See* PROP. CODE § 51.016(d). However, appellants cite no authority for the proposition that the absence of such evidence rendered the October 2017 rescission a nullity. Unlike in *A-Plus*, this case does not involve a discrepancy between an order of foreclosure and the subsequent foreclosure documents. As explained previously, the Deed of Trust gave Summit Mortgage, or its successors and assigns, the right to sell the Property by non-judicial foreclosure. Moreover, it is undisputed that, in 2011, Summit Mortgage assigned the Deed of Trust to Wells Fargo Bank, whose substitute trustee sold the Property in a foreclosure sale auction to appellee. We conclude that Bryant's affidavit did not raise an issue of title that was necessary to resolve before adjudicating the question of who had the right to immediate possession of the Property. *See Acosta*, 2018 WL 1870743, at *1.

Appellants also attempt to raise title defects based on the Longoria and Santollo Contracts for Deed, and in particular, on the fact that the contract between Rosas and Longoria did not list Martinez as a seller. As noted above, the record contains no evidence that either of the Contracts for Deed resulted in an actual conveyance of the Property to either Longoria or Santollo. Accordingly, these contracts did not give rise to an issue of title that deprived the trial court of jurisdiction to determine the right to possession of the Property. We overrule appellants' fourth and fifth issues.

**Absence of Verification in Amended Petition**

Rule 510.3(a) of the Texas Rules of Civil Procedure states that "a petition in an eviction case must be sworn to by the plaintiff and must contain" certain specified information. TEX. R. CIV. P. 510.3(a); *see also id.* R. 500.3(d)–(e) (stating that eviction cases are governed by Rules 500–07 and 510 of Rules of Civil Procedure and that the other Rules of Civil Procedure and the Rules of Evidence do not apply except in certain specified circumstances). Appellee's original petition was sworn to, but her amended petition, her live pleading at trial, was not. Appellants' third issue asserts that this defect deprived the trial court of jurisdiction. As support, they cite case law holding that rules of civil procedure, when they are clear and unambiguous, should be construed according to their plain or literal meaning. *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007); *cf. Rudberg v. N.B.P.*, No. 05-13-00535-CV, 2014 WL 3016910, at *5 (Tex. App.—Dallas July 2, 2014, no pet.) (mem. op.) ("A suit on a sworn account must be pleaded properly and in strict compliance with the requirements of rule 185."). Appellants also rely on a Review Tribunal decision holding that the evidence was factually sufficient to conclude that a justice of the peace exhibited incompetence by issuing a forcible entry and detainer citation that did not comply with former Texas Rule of Civil Procedure 739.[6] *In re Chacon*, 138 S.W.3d 86, 90, 93–95 (Tex. Rev. Trib. 2004, no appeal). In appellants' view, "[i]t would seem logical that strict compliance with the verification requirement of [Rule] 510.3(a) would be as necessary as the unique particulars of the citation requirement in forcible detainer proceedings."

None of the authority cited by appellants supports their contention that the absence of a verification in a forcible detainer petition deprives the trial court of jurisdiction. This Court and others of our sister courts have held that a defective verification does not deprive the county court

---

[6] In 2013, Rule 739 was repealed and replaced by Rule 510.3. *See Norvelle v. PNC Mortg.*, 472 S.W.3d 444, 445–46 (Tex. App.—Fort Worth 2015, no pet.) (noting same).

of jurisdiction to hear a forcible detainer action.[7] These holdings comport with the general rule that "omission of or formal defects in the verification of a plea or pleading may be deemed waived unless the fault is challenged." *Reagan v. NPOT Partners I, L.P.*, No. 06-08-00071-CV, 2009 WL 763565, at *2 (Tex. App.—Texarkana Mar. 25, 2009, pet. dism'd w.o.j.) (mem. op.) (citation and internal quotation marks omitted). Because a verification under Rule 510.3(a)) is not jurisdictional, we hold that appellee's failure to verify her amended petition did not defeat jurisdiction.[8] We overrule appellants' third issue.

**Sufficiency of Notice to Vacate**

Appellants' second issue urges that the Notice to Vacate sent by appellee was insufficient. They cite section 24.005(b) of the Property Code, which requires that the "landlord" give a "tenant at will or by sufferance" a written notice to vacate before filing a forcible detainer suit. PROP. CODE § 24.005(b); *see also id.* at § 24.002(b) (providing that "[t]he demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under section 24.005"); TEX. R. CIV. P. 510.3(c) ("No judgment or writ of possession may issue or be executed against a tenant obligated under a lease and residing at the premises who is not named in the petition and served with citation."). In appellants' view, the subject Notice to Vacate was insufficient because it listed only Rosas and did not specifically reference Martinez, Longoria, and Santollo. We disagree.

---

[7] *See Isaac v. CitiMortgage, Inc.*, 563 S.W.3d 305, 312 (Tex. App.—Houston [1st Dist.] 2018, pet. denied); *Lenz v. Bank of Am., N.A.*, 510 S.W.3d 667, 669 (Tex. App.—San Antonio 2016, pet. denied); *Fleming v. Fannie Mae*, No. 02-09-00445-CV, 2010 WL 4812983, at *2 (Tex. App.—Fort Worth Nov. 24, 2010, no pet.) (mem. op.); *Shutter*, 318 S.W.3d at 469; *Reagan v. NPOT Partners I, L.P.*, No. 06-08-00071-CV, 2009 WL 763565, at *1–3 (Tex. App.—Texarkana Mar. 25, 2009, pet. dism'd w.o.j.) (mem. op.).

[8] In addition, appellants did not explain how the absence of a verification was an impediment to the trial court's determination of immediate possession, nor did they demonstrate harm based on such absence. *See Shutter*, 318 S.W.3d at 470 (concluding that trial court did not err in denying appellant's motion to abate, notwithstanding appellee's defective verification, because appellant did not explain how such defect impeded trial court's determination to immediate possession, nor did appellant demonstrate harm).

Appellants did not raise the foregoing objection prior to this appeal. Accordingly, they have failed to preserve the objection for our review. *See* TEX. R. APP. P. 33.1(a) (requiring timely and specific objection and trial court's ruling on same to preserve a complaint for appellate review).

Additionally, even if appellants had preserved their complaint, their argument fails on the merits. Section 24.005(f) requires a notice to vacate to be (i) personally delivered "to the tenant or any person residing at the premises who is 16 years of age or older" or (ii) delivered by regular mail, by registered mail, or by certified mail, return receipt requested, to "the premises in question." PROP. CODE § 24.005(f); *Feuerbacher v. Federal Nat'l Mortg. Ass'n*, No. 05-16-01117-CV, 2017 WL 5589601, at *2 (Tex. App.—Dallas Nov. 1, 2017, no pet.) (mem. op.). In this case, appellee offered evidence that the Notice to Vacate was addressed to Rosas and "all Occupants." Moreover, the Notice was mailed to the Property by regular mail and by certified mail, return receipt requested. The Notice and mailing gave rise to a presumption that the Notice was in fact delivered to the Property. *See Feuerbacher*, 2017 WL 5589601, at *3 ("Addressing the notice to 'all occupants' and mailing it is sufficient to raise the presumption that the notice was delivered to the property.").[9] Appellants presented no evidence to rebut this presumption. *See id*. Accordingly, the Notice to Vacate was sufficient. Appellants' second issue is overruled.

**Indispensable Parties Defendant**

Appellants' first issue contends that Martinez, Longoria, and Santollo were indispensable parties whose absence as defendants precluded the court from hearing the case and rendering judgment. *See Feuerbacher*, 2017 WL 5589601, at *2 ("An indispensable party is one whose presence is required for just adjudication."). Appellants rely on Rule 39(a) of the Texas Rules of Civil Procedure, which describes certain categories of persons to be joined to a lawsuit if feasible.

---

[9] *See also Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 31 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *Khalilnia v. Fed. Home Loan Mortg. Corp*., No. 01-12-00573-CV, 2013 WL 1183311, at *3 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (mem. op).

*See* TEX. R. CIV. P. 39(a); *see also id.* R. 39(b) ("If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable."). Appellants also urge that the judgment in this case would not be res judicata as to claims by Langoria or Santollo, or as to claims by appellee, or appellee's successor in interest, against Longoria or Santollo. *See Cooper v. Texas Gulf Indus., Inc.,* 513 S.W.2d 200, 204–05 (Tex. 1974) (holding that dismissal with prejudice of husband's suit for rescission of real-property purchase was res judicata with respect to husband's, but not wife's, claim for rescission asserted in subsequent suit).

Appellants did not raise their defect-in-parties objection prior to this appeal. Accordingly, they failed to preserve their complaint for our review. *See* Tex. R. Civ. P. 93(4) (requiring that a pleading that raises "a defect of parties" must be "verified by affidavit")[10]; *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996) ("We have not hesitated in previous cases to hold that parties who do not follow rule 93's mandate waive any right to complain about the matter on appeal.").

Moreover, even if appellants had preserved their complaint, their argument nonetheless fails. As an initial matter, Martinez is a defendant in appellee's case by virtue of (i) the petition's inclusion of "all occupants" of the Property as defendants, and (ii) Martinez's participation as an appellant in this appeal. With respect to Longoria and Santollo, we conclude that their absence did not preclude the court from rendering judgment for appellee. "A failure to join 'indispensable' parties does not render a judgment void; there could rarely exist a party who is so indispensable that his absence would deprive the court of jurisdiction to adjudicate between the parties who are before the court." *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (per curiam);

---

[10] While a verification is not required "if the truth of such matters appear of record," *id.*, the record in this case reveals no defect of parties.

*Feuerbacher*, 2017 WL 5589601, at *2. The issue in this case is who, as between appellee and the occupants of the Property, had the superior right to immediate possession. *See Feuerbacher*, 2017 WL 5589601, at *3. Appellee was required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession vis a vis the occupants. *See id.* The evidence admitted at trial included the Deed of Trust, the Substitute Trustee's Deed, and the Notice to Vacate. The Notice was mailed to Rosas and "all Occupants" of the Property, and appellants have failed to raise a question of fact to rebut the presumption that the Notice was in fact delivered. *See id.* at *3. We conclude that appellee established a superior right to immediate possession of the Property and that there has been no showing Longoria or Santollo should have been joined as indispensable parties. We overrule appellants' first issue.

### Conclusion

We affirm the county court's judgment.

/Bill Pedersen, III/
_____
BILL PEDERSEN, III
JUSTICE

181013F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ISIDRO ROSAS AND MARIA
MARTINEZ, Appellants

No. 05-18-01013-CV     V.

CHIH TING WANG, Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-18-03072-D.
Opinion delivered by Justice Pedersen, III.
Justices Whitehill and Partida-Kipness
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CHIH TING WANG recover her costs of this appeal from appellants ISIDRO ROSAS AND MARIA MARTINEZ.

Judgment entered this 23rd day of August, 2019.