In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-22-00402-CV**
**IN THE INTEREST OF B.Y.B., C.L.B., D.R.B., G.G.B. JR., AND W.R.B.**

**On Appeal from the County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Cause No. 22-10-14152-CV**

**MEMORANDUM OPINION**

Mother J.B. ("Mother") appeals from an order terminating her parental rights to her children B.Y.B., C.L.B., D.R.B., G.G.B. Jr., and W.R.B. ("the children").[1] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(K), (2). In a single issue, she challenges the trial court's subject-matter jurisdiction to enter the final Order of Termination. For the reasons explained herein, we affirm.

---

[1] To protect the minor children, we refer to the parents as "Mother" and "Father," and we refer to the children by their initials. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

1

Procedural Background

The Department of Family and Protective Services ("the Department") filed an Original Petition for Protection of a Child for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship in Harris County seeking temporary managing conservatorship of the children and seeking termination of Mother's and Father's parental rights to the children[2] if the children could not be safely reunified with either parent. The Petition was supported by an affidavit by a Child Protective Services ("CPS") representative who stated that the Department had received a report of "allegations of Refusal of Parental Responsibility" by Mother. According to CPS there had been a prior referral based on a report of alleged sexual abuse of some of the children by Mother's friend. The affidavit further stated that some of the children had alleged Father sexually abused them, and Father was "currently incarcerated for Continuous Sexual Abuse of a Child and 3 counts of Indecency with Child Sexual Contact."

The Harris County trial court signed an order on May 27, 2021, appointing the Department as temporary managing conservator of the children. On February 5, 2022, Mother filed a Motion to Transfer Venue requesting to transfer the case to the

---

[2] A sixth child was also the subject of the Original Petition. By the time of trial, the sixth child had reached the age of majority, and the proceedings and Order of Termination did not address her. She is also not a subject of this appeal.

court of continuing jurisdiction in Montgomery County, and the case was transferred to the County Court at Law No. 3 in Montgomery County.

On September 22, 2022, Mother filed a Motion for Sever[a]nce requesting a separate trial from Father. The Motion requested that the trial court

> . . . sever her case from the father because it will cause emotional[] abuse to be in the same room with her abuser and the abuser of her children. [Mother] will be unable to clearly give testimony in front of [Father], as she suffers from the trauma inflicted by [Father] against her and her children.

> Counsel for [Mother] requests the Court to sever the case of [Mother] from [Father] in the interest of justice. The cases heard together will unduly prejudice the case of [Mother] by allowing the case of both parents to be heard together. The Jury is likely to be unduly prejudiced by the testimony of [Father] even though [Mother] was not charged with a crime against children and has no criminal history.

> [Mother's counsel] prays, on behalf of [Mother], that the Court grant the relief requested in this motion based on the interest of justice and more importantly so that justice may be done. . . .

On October 17, 2022, the trial court signed an order denying the motion for severance. Trial began later the same day, and Mother's attorney told the court that Mother had signed an affidavit of voluntary relinquishment.[3] Counsel for the Department then raised the option to reconsider severing Mother's and Father's cases. Father's attorney expressed no objection to Mother having a separate trial. Mother's attorney told the court that

---

[3] Mother was not present for the trial.

[t]he reason my client, wanted [] to have a separate trial even if it was before the Bench, she did not - - and I told you she felt it was undue prejudice. She did not want her children to have to appear before [Father] again, and she did not want to have to appear before [Father]. So that is one of the large reasons that she felt like it was in the children's best interest for her to relinquish her rights because that way the children would not be up here. . . .

The trial court noted that Mother's execution of an affidavit of voluntary relinquishment presented "a completely different ground for termination" than what the Department originally sought, there was no longer the same "congruence of facts and circumstances[]" as to Mother and Father, and that Mother had never wanted her case to be heard by a jury. The Department agreed that the concerns about Mother and Father were "not intertwined like they were before." The trial court agreed to sever Mother's case from Father's over no objection by the parties, and an Agreed Order to Sever was signed by the court and counsel for all parties later that day.[4]

Also at the bench trial, a certified copy of Mother's affidavit of voluntary relinquishment was entered as an exhibit. A conservatorship supervisor testified for the Department that she believed that it would be in the children's best interest for the court to accept Mother's affidavit and that in the affidavit, Mother stated that it was in the children's best interest for her to relinquish her rights. The supervisor also

---

[4] The Agreed Order to Sever severed Mother's case from Cause No. 13-07-07557-CV into Cause No. 22-10-14152.

4

testified that Mother had "not alleviated the reason why the children came into [the Department's] care[,]" she had not obtained stable housing, and she had not finished her individual counseling. Mother's counsel agreed to stipulate that it was in the children's best interest for Mother's parental rights to be terminated, to which the Department agreed, and the court accepted the stipulation. The supervisor further testified that she was present when Mother signed the affidavit of relinquishment, that she believed that Mother knew what she was doing, and that Mother had concerns about her children being subjected to another trial. The children's guardian ad litem also testified that it was in the children's best interest for Mother's parental rights to be terminated.

The trial court found by clear and convincing evidence that Mother had executed a voluntary affidavit of relinquishment of her parental rights to the children, and that termination of Mother's parental rights was in the children's best interests. The trial court signed an Order of Termination, terminating Mother's parental rights to the children based on Mother's execution of an affidavit of relinquishment of parental rights and because termination was in the children's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(K), (2). This appeal followed.

## Issue

On appeal, Mother argues that the trial court lost jurisdiction over the case when it severed Father from the lawsuit. According to Mother, Father was an

5

indispensable party, without whom it was impossible for the trial court to make a decision regarding the children's best interest. Mother further argues that the final order terminating Mother's parental rights is void because the trial court had already lost subject-matter jurisdiction over the case.

Analysis

Mother complains about the trial court's severance of the termination suit as to Father from the termination suit as to Mother. Mother argues that under section 102.009(a)(7) of the Family Code, each parent as to whom the parent-child relationship has not been terminated is entitled to service of citation on the filing of a petition in an original suit. *See* Tex. Fam. Code Ann. § 102.009(a)(7). That said, Mother does not challenge the service on either Father or Mother.

Mother contends that a "suit affecting parent-child relationship requires all parents to be parties in order for a full disposition to be made regarding a child's best interest." Mother does not cite legal authority to support this assertion. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Texas Rule of Civil Procedure 41 provides that "[a]ny claim against a party may be severed and proceeded with separately." Tex. R. Civ. P. 41. And "[a] trial court may order separate trials 'to avoid prejudice.'" *In re B.L.D.*, 113 S.W.3d 340, 346 (Tex. 2003) (citing Tex. R. Civ. P. 174(b)); *see also In re B.S.*, No. 09-06-293-CV, 2007

6

Tex. App. LEXIS 3788, at *8 (Tex. App.—Beaumont May 17, 2007, no pet.) (mem. op.) ("Trial courts have considerable discretion in determining whether to order separate trials or to sever claims."). Mother cites no authority that indicates a severance is not appropriate in cases seeking the termination of parental rights, nor are we aware of any. *See* Tex. R. App. P. 38.1(i); *see also, e.g.*, *In re D.W.*, 353 S.W.3d 188, 193-94 (Tex. App.—Texarkana 2011, pet. denied) (finding no abuse of discretion in severing the parental-rights cases of the mother and the father and explaining that the separate lawsuits result in appealable, final judgments).

Mother argues that Rule 39(a)(1) of the Rules of Civil Procedure applies, which provides that "[a] person who is subject to service of process shall be joined as a party in the action if [] in his absence complete relief cannot be accorded among those already parties[.]" *See* Tex. R. Civ. P. 39(a)(1). Mother's brief fails to explain how the severance or absence of Father in this case and under these facts prevented the trial court from reaching a decision on the termination of her parental rights and the best interest of the children. *See* Tex. R. App. P. 38.1(i).

In support of her argument that the failure to join Father in the lawsuit deprived the trial court of subject-matter jurisdiction, Mother cites to *Petroleum Anchor Equipment, Inc. v. Tyra*, 406 S.W.2d 891 (Tex. 1966) and *Scott v. Graham*, 292 S.W.2d 324 (Tex. 1956). In *Petroleum Anchor*, the Texas Supreme Court stated "[j]urisdiction over indispensable parties to a suit is as essential to the court's right

and power to proceed to judgment as is jurisdiction of the subject matter." 406 S.W.2d at 892 (citing *Scott*, 292 S.W.2d at 327). However, the Court did not find the excluded party in *Petroleum Anchor* was an indispensable party. *Id.* at 894.

The Court later addressed *Petroleum Anchor* in *Cooper v. Texas Gulf Industries*, 513 S.W.2d 200 (Tex. 1974). In *Cooper*, the Court explained that *Petroleum Anchor* was decided before Rule 39 was amended in 1971, and the Rule as amended "initiated an entirely new method for resolving the question of joinder of parties." *Id.* at 203. The Court stated, "contrary to our emphasis under Rule 39 before it was amended, today's concern is less that of the jurisdiction of a court to proceed and is more a question of whether the court ought to proceed with those who are present." *Id.* at 204. The Court further stated that under the Rule as amended, "it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined." *Id.* After Rule 39 was amended, the Court found the failure to raise the objection to the nonjoinder of a party and absence of that party in the trial court waived the issue for appeal. *See Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163 (Tex. 2004) (citing William V. Dorsaneo, III, *Compulsory Joinder of Parties in Texas*, 14 Hous. L. Rev. 345, 369 (1977)); *see also Cox v. Johnson*, 638 S.W.2d 867, 868 (Tex. 1982) (explaining that, under Rule 39 as amended, the failure to raise nonjoinder at trial is not fundamental error, and because it is not, the error

8

must be preserved in the trial court to preserve it for appeal). In this case, Mother's brief fails to explain how Father's presence was indispensable, and the brief only makes a conclusory assertion that his absence made it "impossible to make a decision" about the children's best interest despite undisputed evidence of Mother's voluntary relinquishment and Mother's stipulation that it was in the children's best interest for Mother's parental rights to be terminated to which the Department agreed. *See* Tex. R. App. P. 38.1(i).

We have previously explained that the failure to join a party needed for just adjudication should be raised by a verified plea in abatement and, by failing to raise the issue of joinder of parties in the trial court, a party waives the issue for appeal. *See Cahill v. Cahill*, No. 09-20-00206-CV, 2022 Tex. App. LEXIS 792, at *21 (Tex. App.—Beaumont Feb. 3, 2022, pet. denied) (mem. op.) (citing Tex. R. Civ. P. 93(4); *Brooks*, 141 S.W.3d at 163; *Jones v. LaFargue*, 758 S.W.2d 320, 324 (Tex. App.—Houston [14th Dist.] 1988, writ denied)). We have also explained that the nonjoinder of parties is not a jurisdictional defect. *See id.* at *22; *see also Stark v. Benckenstein*, 156 S.W.3d 112, 118 (Tex. App.—Beaumont 2004, pet. denied) (citing *Brooks*, 141 S.W.3d at 162; *Cooper*, 513 S.W.2d at 204; *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982)). Because nonjoinder of parties is not jurisdictional and because Mother failed to raise the issue of nonjoinder at trial, she has waived the issue for appeal. *See Cahill*, 2022 Tex. App. LEXIS 792, at *22.

In addition, we conclude that estoppel bars Mother's argument on appeal. "Judicial estoppel precludes a party who successfully maintains a position in one proceeding from afterwards adopting a clearly inconsistent position in another proceeding to obtain an unfair advantage." *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 643 (Tex. 2009) (citing *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex. 2008)). The doctrine functions "'to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage[,]'" and "precludes a litigant from requesting a ruling from a court and then complaining that the court committed error in giving it to him." *Schubert*, 264 S.W.3d at 6 (quoting *Andrews v. Diamond, Rash, Leslie & Smith*, 959 S.W.2d 646, 650 (Tex. App.—El Paso 1997, writ denied)); *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005) (discussing estoppel and explaining the "invited error" doctrine).

In this context, for estoppel to bar Mother's position on appeal, Mother must have "unequivocally taken a position in the trial court that is clearly adverse to [her] position on appeal." *See Tittizer*, 171 S.W.3d at 862 (citing *Am. Sav. & Loan Ass'n v. Musick*, 531 S.W.2d 581, 589 (Tex. 1975)). At trial, Mother filed a motion to sever requesting that the trial court sever her case from Father's to avoid prejudicing the jury and "in the interest of justice[.]" Although the trial court initially denied the motion, later the same day, after trial began and after Mother filed her Affidavit of

10

Relinquishment, an Agreed Order to Sever was signed by the trial court and by counsel for all parties.

After having prevailed on her motion to sever in the trial court, Mother now complains about the trial court's severance and seeks to "vacate the trial court's Order of Termination and dismiss the underlying case without prejudice" as to Mother because she claims severing Father from the lawsuit deprived the trial court of subject-matter jurisdiction and made it "impossible to make a decision" about the children's best interest. We find that Mother's unequivocal position in the trial court is adverse to her position on appeal. *See id.* Judicial estoppel prevents Mother from obtaining an unfair advantage on appeal by adopting a position that is clearly inconsistent with her position in the trial court and on which she prevailed. *See Ferguson*, 295 S.W.3d at 643.

In summary, the severance of Father did not create a jurisdictional defect as explained above, and Mother failed to preserve her complaint about the nonjoinder of parties. *See Cahill*, 2022 Tex. App. LEXIS 792, at *22. In addition, the doctrine of judicial estoppel prevents Mother from asserting a position on appeal that is completely contrary to the position and argument she made in the trial court and on which she prevailed. *See Ferguson*, 295 S.W.3d at 643; *Tittizer*, 171 S.W.3d at 862. We overrule Mother's issue on appeal, and we affirm the trial court's order terminating the parent-child relationship.

AFFIRMED.

                                        _____
                                        LEANNE JOHNSON
                                                Justice

Submitted on April 18, 2023
Opinion Delivered April 27, 2023

Before Golemon, C.J., Horton and Johnson, JJ.